LARKIN H. DAVIS, administrator, plaintiff in error, *vs.* THOMAS C. HOWARD, defendant in error.

1. When a motion for a new trial has been fully argued, it is too late to move to *dismiss* it because the order fixing a time for the hearing has run out.

2. As the charge of the court extends to great length, and the exceptions thereto in the motion for a new trial are numerous, and the court has granted a new trial generally, this court will not control the discretion of the presiding judge and prevent him from submitting the case to the jury under more mature instructions. The charge can be better reviewed, with full justice to both parties, after it has been condensed and more deliberately shaped on a second trial. The novelty of the case, in some of its elements, justifies extraordinary care in working out the principles that control it.

BLECKLEY, Judge.

---

JAMES MCANDREW, plaintiff in error, *vs.* THE AUGUSTA MUTUAL LOAN ASSOCIATION, defendant in error.

The record and bill of exceptions in this case failing to set out the petition, the rule *nisi*, or rule absolute, or other final judgment of the court below, from which an appeal could be taken to this court, the writ of error is dismissed in accordance with the ruling in *Bean & Company vs. Hadley*, delivered at the present term.

JACKSON, Judge.

---

EAST ROME TOWN COMPANY, plaintiff in error, *vs.* G. W. NAGLE *et al.*, defendants in error.

WILLIAM A. CRUTCHFIELD, plaintiff in error, *vs.* SAMUEL F. COLEMAN, defendant in error.

THOMAS PHIPPS *et al.*, plaintiffs in error, *vs.* HAMLIN J. COOK & SON *et al.*, defendants in error.

THE MAYOR AND CITY COUNCIL OF AMERICUS, plaintiff in error, *vs.* W. W. BARLOW, defendant in error.

The discretion of the chancellor, exercised in granting or refusing an injunction, will not be controlled unless manifestly abused,