## Moxley *vs.* Kinloch.

Though, in a consent order, the privilege of filing a brief of evidence be limited to a specified day in vacation, yet if after the day has elapsed counsel for both parties agree in writing that the brief is correct, entering their agreement on the brief and signing the same, and counsel for respondent in the motion for a new trial then, at the request of counsel for the movant, file the brief, thus co-operating in the business, and with no express reservation or notice of any purpose to insist on time as of the essence, this is a waiver of the right to insist upon it, both as to filing and approving the brief; and such filing, together with a subsequent approval by the judge, will suffice as a substantial compliance with the order.

November 3, 1887.

Practice in superior court. Waiver. Before Judge Hines. Jefferson superior court. May term, 1887.

Reported in the decision.

R. W. Carswell, for plaintiff in error.

Gamble & Hunter, *contra.*

Bleckley, Chief Justice.

Kinloch, as plaintiff, had a verdict against Moxley, as defendant. On the last day of the term, a motion for a new trial was made by the defendant. A consent order was passed by the court reciting that there was not time to prepare a brief of the evidence, and granting sixty days within which to file the brief. A few days after the sixty days allowed for that purpose had expired, a brief of the evidence was sent by counsel for the movant to counsel for the respondent, the latter residing or being at the county site at which the cause had been tried. The brief had upon it an entry to the effect that, "We agree to the correctness of the within brief." This was signed by counsel for the movant, who, by letter, requested counsel for respondent to sign the consent also, and file the brief

in the clerk's office, which request they complied with. Some time afterwards, perhaps two or three months, the brief was approved by the judge. All this occurred in vacation, and after the time limited in the order had expired. When the motion came on to be heard, counsel for the respondent moved to dismiss it, because the order had not been complied with; and the judge granted the motion to dismiss, that is, dismissed the motion for a new trial. The defendant in error seeks to uphold this ruling, by citing certain cases, which cases have been examined and analyzed thoroughly. .

In *Western & Atlantic R. R. Co. vs. Johnson,* 59 *Ga.* 626, the brief was presented to the judge for approval, approved subject to objection as to time, and filed; all this being done after the agreed time had elapsed, there was no co-operation by the adverse counsel: held insufficient.

In *Pease vs. Pease,* 66 *Ga.* 277, the brief of evidence was not agreed upon. Two drafts, one made by each party, were presented to the judge for his approval long after the time fixed in the order for filing had elapsed, and he would not approve either, but dismissed the motion for non-compliance with the order. In so doing he appears to have exercised his power and discretion without being moved thereto by the counsel, and his conduct was affirmed. It is plain that, in that case the counsel co-operated to a certain extent, each one sending a brief that he had prepared, but the judge would not harmonize. He declined to approve either brief, or to make a brief compounded from the two, and of course he had a right to decline for his own protection. He might not have remembered, after such a lapse of time, what the evidence was, and might have found it impossible to decide between the conflicting briefs; the dismissal of the motion in that case is no precedent for such a case as this, because the brief never came to an approval at all, and the judge, apparently on his own motion, dismissed the pending proceeding.

In *Usry vs. Phillips*, 68 *Ga.* 815, the brief was filed in time, but was neither agreed upon by the parties nor approved by the court. The order provided that the motion should be heard in vacation, as well as the brief filed. Held, that the filing was not sufficient.

In *Arnold vs. Hall*, 70 *Ga.* 445, the motion was to be heard in vacation by a given day, and the brief was to be filed by that day. Nothing was done until four days thereafter. Held, too late.

In *Cothran vs. Brower*, 71 *Ga.* 357, the motion was to be heard as well as made in vacation, and it was to be served by a given day. There was no service within the time fixed by the order, which was granted *ex parte*, and the court below refused to dismiss it. Reversed. It will be observed that the motion was to be made in vacation. It is about the motion and not about the brief. The motion was to be made in vacation and notice of it served, and it was to be heard in vacation. There was no notice given, and the court below refused to dismiss. But this court reversed that.

In *Rich vs. The State*, 74 *Ga.* 811, there was a failure to file a brief under the revision and approval of the court, within the time fixed by the consent order, but no co-operation or acquiescence by adverse counsel. The motion was dismissed, and that was affirmed.

We think none of these cases rule the present. Though, in a consent order, the privilege of filing a brief of evidence be limited to a specified day in vacation, yet if after the day has elapsed counsel for both parties agree in writing that the brief is correct, entering their agreement on the brief and signing the same, and counsel for respondent in the motion for a new trial then, at the request of counsel for the movant, file the brief, thus co-operating in the business, and with no express reservation or notice of any purpose to insist on time as of the essence, this is a waiver of the right to insist upon it, both as to filing and approving the brief; and such filing, together with a

subsequent approval by the judge, will suffice as a substantial compliance with the order.

Time, when of the essence of anything, may be waived by the parties; and counsel are competent to make waivers for their clients in matters of practice. If they can make express ones, they can make implied ones; if they can waive by agreement, they can waive by conduct. Here, if there was any purpose not to acquiesce in this as a compliance with the order, notice should have been given of it, or else the counsel should have declined to co-operate with counsel for the motion. The consequence of that co-operation and failure to give notice led to the incurring of expense and trouble and labor in following up this motion. If they intended to take advantage of the delay, then was the time to make it known. so that future conduct might not be rested upon faith in their acquiescence. We think that good faith between opposing counsel in the conduct of cases requires that notice shall be given, under such circumstances, of non-acquiescence. This is no effort to give effect to an agreement or consent in parol. It is a consent from conduct, and the witness to what was done is, himself, one of the counsel for the respondent. We get information of all this from what he testifies, and as it comes up in the record from his testimony. There is no effort to prove any of these facts by anybody but the counsel himself; and though, as it appears, neither of respondent's counsel had any purpose or intention to waive, yet they did not make known that secret or concealed state of mind; and those not admitted into their consciousness could not be aware of the meaning they attached to their conduct, and therefore their conduct must be judged by the meaning which would ordinarily be attached to it by those who were external to their consciousness. It is not designed to impute to them any purpose to mislead or deceive; but we say that they must be judged by conduct as it appeared to those who were outside of

their consciousness, and not by what may have been the internal purpose or intent.

I have made diligent research beyond the brief of counsel into the cases, and can find nothing that upholds the repudiation of an implied waiver resulting from acting in concert with counsel in perfecting a motion for a new trial, especially in actually filing papers by request for the purpose, and at the same time consenting in writing to their correctness. What would be the sense or significance of such acts if they did not mean efficacious business?

Judgment reversed.