## Adams v. The Bank of Stewart County.

1. In a joint action against the maker and the indorsers of a promissory note, the verdict being for the plaintiff as against the indorsers but for the other defendant, the maker, and the plaintiff having moved for a new trial, it was no cause to dismiss the motion, at the instance of the maker, that service of the motion was not made upon the indorsers. As the contract of the maker and that of the indorsers were separate and distinct contracts, a new trial could be granted as to the maker without setting aside the verdict as to the indorsers.
2. The general rule as to the first grant of a new trial applies.

April 9, 1894. Argued at the last term. *Judgment affirmed.*

Complaint on note. Before Judge Butt. Talbot superior court. March term, 1893.

Peabody, Brannon Hatcher & Martin, for plaintiff in error.

Watts & Hickey and Thornton & McMichael, *contra.*

---

## Flournoy & Epping v. Stevens.

This being the grant of a first new trial, though the grant was made on terms with which the prevailing party refused to comply, the case is left to abide the general rule, without either approving or disapproving the terms prescribed by the trial judge.

August 14, 1894. *Judgment affirmed.*

Complaint on account. Before Judge Bartlett. Terrell superior court. May term, 1893.

Peabody, Brannon, Hatcher & Martin, J. W. Walters and Hoyl & Parks, for plaintiffs.

Wooten & Wooten, for defendant.

---

## Cook v. Childers.

1. By arguing the motion for a new trial, without moving to dismiss the same for failure to file a brief of evidence in due time, the respondent in the motion waived this matter of objection, and con-

sequently it is not good as·a ground of exception to the judgment granting a new trial.

2. The general rule touching the first grant of a new trial applies to this case.　　　　　　　　　　　　　　　　*Judgment affirmed.*

April 16, 1894. Argued at the last term.

Trover. Before Judge Gamble. Macon superior court. November term, 1892.

J. W. Haygood and S. A. Reid, for plaintiff in error.
E. F. Hinton, J. A. Hixon and E. H. Cutts, *contra.*

---

Bailey et al. v. Thornton.

94a 719,<br>96 769,

Where, during the term at which a case was tried, a motion for a new trial, with an unapproved brief of evidence attached, was handed to the judge, who in open court approved the grounds of the motion, granted a rule *nisi,* which was duly served, and also passed an order setting the hearing of the motion at a future time and allowing movant until then to have the brief of evidence approved, which was afterwards done, and the motion, after being several times continued, was finally heard on the merits, counsel for both sides appearing, and there being no motion to dismiss, the court reserving its decision and giving respondent's counsel leave to file an additional brief upon a question of law involved, it was error in the court, upon a mere suggestion contained in this brief, to dismiss the motion simply because it and the brief of evidence were not marked filed in office by the clerk. Under the facts stated, the actual filing in the clerk's office was waived, and the motion should have been decided on its merits. *Cook* v. *Childers,* this term, *ante.*　　　　　　　　　　　　　　*Judgment reversed.*

April 30, 1894. Argued at the last term.

Motion for new trial. Before Judge Smith. Wilcox superior court. March term, 1893.·

W. L. Grice and E. H. Williams, for plaintiffs in error.
Busbee & Crum, *contra.*

---

Gary v. The State.

1. Where during the term at which a case was tried and a motion for a new trial filed, an order was passed setting the hearing during an adjourned term to be held thereafter, the order further pro-