## TALIAFERRO *v.* COLUMBUS RAILROAD COMPANY.

A brief of evidence is indispensable to the validity of a motion for new trial; and where a motion for new trial was made in a case tried at a. term which continued longer than thirty days after the trial, it was necessary, under the Civil Code, § 5484, that the brief of evidence should have been filed within thirty days, or that an order should have been passed within that time allowing a longer time in which the brief might be filed.    When neither the brief of evidence was filed, nor an order stipulating for an extension of time was passed within the thirty days, the motion for new trial should have been dismissed.

Argued February 11,—Decided April 17, 1908.

Motion for new trial.    Before Judge Little.    Muscogee superior court.    August 9, 1907.

The case of Charles F. Taliaferro against the Columbus Railroad Company was tried on May 8, 1907, in Muscogee superior court, and a verdict rendered for the plaintiff.    On May 14, during the same term, a motion for a new trial, upon the general grounds, was presented, and at the same time the movant's counsel presented for signature an order reciting, that this motion had been made, and that it appeared that the case had been stenographically reported and that it was impossible for the same to be transcribed at the present term of the court, and providing that the hearing of the motion for new trial be continued, and that it be heard in vacation at such a day as might be fixed by the court, and, if not heard on that day, that it be continued to a further day in vacation, and that the movant should have until the date of the hearing to prepare and present for approval, and file, a brief of the evidence had on the trial of the case.    The grounds of the motion were approved, and a rule nisi granted, wherein the judge ordered "that the plaintiff show cause before me, as soon as counsel can be heard, why a new trial should not be granted;" but the judge declined to grant the order applied for, setting the hearing for vacation, and stated to counsel that it was his purpose to pass on motions for new trial during the term of court, and that when the motion docket was taken up, if it was necessary to do so, he would grant an order fixing the hearing of the motion at a time in vacation. No other order was applied for, until the regular call of the motion docket on July 10, at which time the movant applied for an order fixing the time of hearing in vacation, stating again that he had not been able to get a transcript of the evidence from the

stenographer, and asking for further time, and until the hearing in vacation, to file for approval a brief of the evidence in the case. This application was resisted by the respondent, who moved to dismiss the motion, because no brief of evidence had been filed in the case, and no order of the court, extending the time in which it should be filed, had been obtained within thirty days from the date of the trial. The court refused to dismiss the motion, and granted the application to set the case in vacation, and gave until the hearing to file the brief of evidence. Upon the hearing of the motion, the respondent again moved to dismiss it, for the same reasons previously urged. The motion to dismiss was refused, and the movant for a new trial was allowed to file the brief of evidence, which was then duly approved, and subsequently the court passed an order granting a new trial. The respondent filed his bill of exceptions complaining of the refusal of the judge to dismiss the motion, and also of the grant of a new trial.

*J. H. Martin* and *A. W. Cozart,* for plaintiff.

*Garrard & Garrard* and *W. Cecil Neill,* for defendant.

EVANS, P. J. (After stating the facts.)

1. The plaintiff in error contends that the court erred in refusing to dismiss the motion for new trial, because the movant failed, within thirty days after the trial, either to file a brief of the evidence or to obtain an order granting further time in which to file the same. The Civil Code, § 5484, provides that when the term continues longer than thirty days, as was the case here, the application for a new trial "shall be filed within thirty days from the trial, together with a brief of evidence, subject to the approval of the judge and subject to the right of amendment allowed in applications for a new trial; but all applications herein provided may be heard, determined, and returned in vacation." Section 5485 provides that "Where an order is taken to hear a motion for a new trial in vacation, the brief of evidence must be presented for approval within the time fixed by the order, or else the motion will be dismissed." In *Brunswick Co.* v. *Gale,* 91 *Ga.* 813 (18 S. E. 11), it was held that "Under the act of November 12th, 1889, amending section 3719 of the code, when the term of a court continues longer than thirty days after a trial is had, the expiration of the thirty days is the end of the term for that case so far as an application for a new trial and filing a brief of evidence are

concerned." As was said in *Gould* v. *Johnston,* 123 *Ga.* 769 (51 S. E. 610), "Leave to prepare and file a brief of the evidence on or before the hearing must be unequivocally granted, else the movant can not justify an omission to follow the practice prescribed in the code section last cited; and where the order relied on by him as authorizing a departure from this practice is ambiguous and was not intended by the trial judge to be understood as extending the time for filing a brief of the evidence, the movant is not in a position to excuse his failure to comply strictly with the terms of the statute." Several cases are there cited in support of this statement of the law. In *Pinnebad* v. *Pinnebad,* 129 *Ga.* 267 (58 S. E. 879), it was held that "Unless there is an order of the court relieving the movant in a motion for a new trial of the necessity of filing a brief of evidence in accordance with the terms of the Civil Code, §5484, whenever the time fixed by the provisions of that section has expired, the motion for a new trial is ripe for dismissal at any time that the judge has jurisdiction to entertain a motion to that effect." A brief of evidence is indispensable to a valid motion for new trial. *Moxley* v. *Ga. Ry. & Elec. Co.,* 122 *Ga.* 493 (50 S. E. 339). It must be filed in connection with the motion, within the time limited by the statute; or within such time an order of court must be obtained granting further indulgence in respect to the time of filing. Where the term continues longer than thirty days after the trial, the Civil Code, §5484, is mandatory that one of these two courses must be pursued. After the expiration of the thirty days, where neither the brief has been filed nor an order taken stipulating for filing one at a later time, the incomplete motion no longer legally pends. No subsequent order of the court can give it vitality. The statute allows a motion for new trial to be made upon complying with certain requirements within a limited time; and where the movant fails within such time to obey the positive mandate of the statute, his motion is aborted. The statute suffers no excuse for failure to comply with its provisions. The order allowing further time in which to file the brief of evidence in the present case, having been granted more than thirty days after the trial, was as if it had been granted in vacation. As no brief of evidence was filed within thirty days, and no order taken within that time allowing further time within which to file it, the court had no power to grant the order allow-

ing additional time within which to file the brief of evidence. when the case was called some sixty days after the trial, but should have dismissed the motion for this reason. The defendant in error contends that the language of the original order, setting the case for a hearing "as soon as counsel can be heard," is broad enough to embrace all things which were prerequisite to the perfection of the motion for new trial, and in effect gave the defendant until the motion could be heard to file the brief of evidence. With this contention we can not agree. This was certainly not an unequivocal grant of such permission, and in fact this order did not in any way refer to the brief of evidence. This order was in many respects similar to that which was taken in *West* v. *Smith,* 90 *Ga.* 284 (15 S. E. 912), where movants were granted "until the hearing to perfect motion and make such amendments as may be desired." In that case it was held that the motion was properly dismissed when the brief of evidence was presented at the hearing, "months after the trial term had expired." We therefore hold that the court erred in refusing the motion to dismiss the motion for a new trial.    *Judgment reversed.    All the Justices concur.*