## MAYOR AND COUNCIL OF BRUNSWICK *v.* DAVENPORT.

Where a motion for new trial is made in term, and an order is taken fixing a hearing thereof on a particular day, without any provision for filing a brief of evidence, and, more than thirty days after the filing of the motion, a written consent is entered into by both sides, providing for a continuance of the hearing to a future time, and agreeing that the brief of evidence be submitted for approval at the final hearing, which consent is ratified and approved by a formal order of the judge, passed on the day appointed in the original order for a hearing, the respondent has waived strict compliance with the statute as to the filing of the brief of evidence, and will be estopped from insisting on a dismissal of the motion for new trial on the final hearing, where the movant presents for approval a brief of the evidence pursuant to the consent order. It is error under these circumstances to dismiss the motion for new trial, at the instance of the respondent, solely because the statute has not been strictly followed. ·

Submitted April 9,—Decided October 14, 1908.

Motion for new trial. Before Judge Parker. Glynn superior court. December 5, 1907.

On December 4, 1906, during the regular term of Glynn superior court, the case of Mallie R. Davenport against the Mayor and Council of the City of Brunswick was tried, resulting in a verdict and judgment for the plaintiff. On December 5, 1906, while the term was still in session, the defendant filed its motion for a new trial, which was regularly filed, and the following order taken thereon: "Read and considered. It is ordered that the plaintiff Mallie R. Davenport show cause before me at Brunswick, Ga., at

10 o'clock a. m. on the 15th day of Jan., 1907, why the foregoing motion should not be granted. It is further ordered, that the plaintiff or her counsel be served with a copy of this motion and order; and that this order act as a supersedeas until the further order of the court." This order was signed by the judge, and service of the motion and order duly acknowledged on December 6, 1906. On January 14, 1907, the following consent was entered into and signed by the attorneys for movant and respondent: "The motion for new trial in the above-stated cause having been set for a hearing before Hon. T. A. Parker, judge of said court, at Brunswick, Ga., on Jan. 15th, 1907, and it appearing that Judge Parker will not be at Brunswick on that day, and that the stenographer has not completed a brief of the testimony, or written out the charge of the court in said case, it is thereupon consented to by counsel for both parties above named that the time for hearing said motion be extended, and that said motion shall be heard at any time and at any place in the Brunswick circuit, upon five days notice in advance of the day of hearing being given by either party or their counsel to the other, or upon such notice being given counsel for both parties by the judge, the brief of evidence and charge of the court to be submitted for approval at said hearing when the same takes place, whether in term time or vacation, and to be filed in the office of the clerk of the superior court within ten days after such hearing." On January 15, 1907, this agreement was approved by the judge and made the order of the court. Nothing further was done relative to a hearing of the motion until five days before the regular December term, 1907, of Glynn superior court, which convened on December 2, when counsel for respondent served a written notice on counsel for the movant, in compliance with the stipulation contained in the consent order above quoted, notifying him that the motion for a new trial would be called up for a hearing during the first week of the December term. The motion was called for a hearing on December 5, 1907, at which time counsel for the movant presented a brief of the oral and documentary evidence had on the trial and the charge of the court, for consideration and approval. Counsel for respondent objected to the filing of the same, and moved to dismiss the motion upon the ground that the brief of evidence and charge of the court had not been filed within the time allowed by

law, and because no motion for a new trial with a brief of the evidence had upon the trial had been filed in the court within the time required by law. The court granted the motion to dismiss, and movant excepted.

*R. D. Meader* and *Francis H. Harris,* for plaintiff in error.

*Bennet & Conyers* and *L. J. Brown,* contra.

EVANS, P. J. (After stating the foregoing facts.) We think the court erred in dismissing the motion for new trial under the circumstances appearing in the statement of facts. The statute requires a motion for new trial to be filed during the term at which the trial was had, and after the term has ended it is too late to file the motion. A brief of evidence is an indispensable part of the motion for new trial, and must be filed either during the term at which the motion was made, or it may be filed in vacation if a term order is taken granting this privilege. A failure to file the brief of evidence in term or within the time limited by the term order is ordinarily a good ground for dismissing the motion. *Taliaferro* v. *Columbus R. Co.,* 130 *Ga.* 570 (61 S. E. 228). But the filing of the motion and the filing of the brief of evidence stand upon very different footings. As was observed in *Hilt* v. *Young,* 116 *Ga.* 712 (43 S. E. 78), "the requirement that a motion for a new trial shall be deposited with the clerk, so that it may be put upon record and be subject to examination, is one in which others than the litigants may be interested. The judgment under review may be one affecting title to property. One having no notice of the pendency of the motion might purchase the execution and suffer loss thereby." It is the pendency of the motion which affects third parties with notice. The brief of the evidence in the case is a necessary accompaniment of the motion—the motion is not complete without it. The essential office of the brief of evidence is to illustrate the merit of the grounds of the motion. The movant is required to present to the court a substantial photograph of the case, in order that the judge may determine whether the grounds of the motion show errors of such a character that a new trial should be had. The public are not interested or concerned with the merits of the motion. The filing of a brief of the evidence has never been recognized by this court as a jurisdictional fact. Thus it has been ruled that when a motion for a new trial has been fully argued, it is too late to move to dismiss it because

the order fixing the time for the hearing has run out. *Davis* v. *Howard,* 57 *Ga.* 607. Again it has been held that "by arguing the motion for new trial, without moving to dismiss the same for failure to file a brief of evidence in due time, the respondent in the motion waived this matter of objection, and consequently it is not good as a ground of exception to the judgment granting a new trial." *Cook* v. *Childers,* 94 *Ga.* 718 (19 S. E. 819). A respondent in a motion may insist upon a strict compliance with the law in respect to the filing of the brief of evidence, and, after the time limit for filing the same has expired, is entitled to move for a dismissal of the motion unless he has expressly or impliedly waived the filing of the brief of evidence at an earlier time. But where both parties enter into an express written agreement that the brief of evidence may be filed by the movant at the final hearing, and this agreement has been approved by the court, and the movant, relying on this consent order, has gone to the trouble and expense of preparing the brief, and presents it to the court pursuant to the terms of such order, the respondent will be estopped from insisting on time as of the essence of the filing of the brief of evidence. In *Moxley* v. *Kinloch,* 80 *Ga.* 46 (7 S. E. 123), a consent order was taken, extending to the movant the privilege of filing a brief of evidence by a specified day in vacation. After that day had passed counsel for both parties agreed in writing that the brief of evidence prepared by the movant was correct, and counsel for respondent in the motion for new trial, at the request of counsel for movant, filed the brief with the clerk of the superior court. On the hearing of the motion for a new trial counsel for the respondent moved to dismiss the same because the brief of evidence had not been filed within the time limited in the order. After reviewing many cases bearing upon the subject it was held that the conduct of the respondent amounted to a waiver of his right to insist upon the filing and approval of the brief of evidence within the time limited in the order, and that the filing of the brief, "together with the subsequent approval by the judge, will suffice as a substantial compliance with the order." The judge is not required to approve a brief of the evidence where such a length of time has elapsed that he is unable to call to mind what transpired at the trial; and many cases will be found affirming the action of the judge in dismissing a motion for new trial where

counsel has been in laches. In the case at bar the judge did not predicate his judgment of dismissal upon the ground that counsel for movant was in laches, or from the lapse of time he was unable to recall the evidence, but sustained the motion to dismiss solely because there had not been a literal compliance with the statute respecting the filing of the brief of the evidence. We think respondent's attorneys were estopped from insisting that the brief of evidence was not duly filed.

*Judgment reversed. All the Justices concur.*