## 2197.  CONNOR v. THE STATE.

Where, in the rule nisi granted upon an application for new trial, or in
    any order passed continuing the hearing upon a motion for new trial,
    there is no limitation of the period within which service of the rule nisi
    or other order should be perfected, such service as will give the opposite
    party a reasonable opportunity to prepare for the hearing upon the mo-
    tion for new trial and to resist the same is sufficient service, within the
    terms of §5475 of the Civil Code.
(a) Where no time is fixed within which service of the motion for new
    trial should be effected, such service may be perfected even after the
    hearing of the motion for new trial has been continued, if there be serv-
    ice upon the opposite party at such time before the date set for the
    final hearing as will enable the opposite party to prepare to resist the
    grant of the motion.
(b) In the present case service of a copy three days prior to the date of
    the hearing was sufficient for that purpose.

Accusation of cheating and swindling; from city court of East-
man—Judge Griffin.    November 4, 1909.

Submitted November 16,—Decided December 4, 1909.

*Earl Camp,* for plaintiff in error.

*W. M. Morrison, solicitor,* contra.

RUSSELL, J.    The lower court dismissed the motion for new
trial, upon the ground that the solicitor had not been duly served
with a copy of the motion, and had not waived service.    It appears
that the motion was filed on July 16, 1909, during the term at
which the case had been tried, and the court passed an order that
the motion be heard on August 9, 1909.    The order, among other
things, provided that the movant should have until the final hear-
ing in which to perfect a brief of the evidence, and that the solicitor
be served with a copy of the motion and order.    The hearing of
the motion was several times continued by general orders of con-
tinuance which made no further reference to the filing of the brief
of evidence or to service on the opposite party.    The first order con-
tinuing the hearing, after stating the case, merely states that "the
above case having been set for hearing this day, the same is hereby
continued until August 30th, at my office in Eastman, Georgia.
Charles W. Griffin.    J. C. C. E."    On August 30 the hearing was
continued until September 3, 1909, upon the ground that the sten-
ographer had not filed a report of the evidence and charge of the
court.    Before the continuance of August 30, 1909, the movant's
counsel asked counsel for the State, who was present, if he would

waive service on the motion, but the State's counsel gave neither an affirmative nor a negative answer, replying that he did not know. This, so far as appears from the record, was the first intimation received by the movant's counsel that the State's counsel would not acknowledge service and waive copy of the motion.   The hearing was then continued until September 3, and on that day was continued until September 11, 1909, when the motion was dismissed for the reason stated above.   Upon the hearing of the motion to dismiss, the State's counsel admitted to the court that on September 8, 1909, he was served with a copy of the original motion and order.

Upon a review of the record, we think that the judge of the city court erred in dismissing the motion for a new trial.   As was held in *James* v. *John Flannery Co.*, 6 *Ga. App.* 811 (65 S. E. 153), the trial judge has plenary power, by proper order passed in term time, to extend the time of hearing of a motion set to be heard in vacation, and to control the direction of all matters incidental or essential to the proper consideration of the motion for new trial.   In the present case the court gave the movant the right to prepare and file a brief of the evidence at any time until the final hearing.   Consequently, although the brief of the evidence is an essential part of a motion for new trial, and a motion for new trial can not be perfected until the brief of evidence is approved by the court and filed, still the movant has until the hearing to present the brief of the evidence for approval and filing; and so far as service of the motion, directed by the court, was concerned, it only included service of the grounds of the original motion in its incomplete state,—that is to say, the service of the grounds of the original motion and the various orders passed by the court, providing for the completion and hearing of the motion.   In view of the admission of the solicitor that on September 8, 1909, he was served with a copy of the original motion and order, the court could not properly dismiss the motion for want of service, unless a time had been specified within which the respondent should be served.   If, in the order continuing the hearing, the court, in the exercise of the plenary powers to which we have above referred, had ordered that the respondent should be served within ten days, or twenty days, or by or before any date named in the order, and service had not been effected within that time, the court would have been authorized to dismiss the motion. In the present case, however, the only requirement upon this sub-

ject, as appears from the order of the court, is that "the solicitor be served with a copy of this motion and order." No time being fixed within which the opposite party should be served, this requirement would be substantially complied with if the opposite party was served at any time sufficiently in advance of the hearing to enable the respondent to properly prepare himself to resist the motion for new trial. As it appears that the respondent in this case had had three days for this purpose (between the 8th, when he was served with a copy, and the 11th, the last day fixed for the hearing), and as it is not made to appear that there were circumstances peculiar to the case which rendered it necessary that the respondent should have a longer time in order to prepare to resist the motion, it can not be said that service had not been perfected in accordance with the direction of the court. Consequently, it was error to hold that the solicitor had not been served with a copy of the motion, merely because the service was actually subsequent to two orders continuing the hearing of the motion. The contention that the solicitor had waived service was not supported. It appears from the bill of exceptions that the solicitor was present when the motion was continued, before he was served with a copy of the motion. It is not necessary for us to decide, and we do not now decide, whether his mere presence at the time set for the hearing of the motion, or even the fact that he might have agreed to a continuance of the motion, would operate as a waiver of the right to be served with the motion. But where the opposite party is present and knows of the pendency of the motion, and, upon being asked whether he will acknowledge service and waive a copy thereof, replies that he does not know, thus at least giving the impression that he has not made up his mind whether he will waive service or will insist upon the order of the court being literally complied with, the right to have such a party served, if still within the power of the movant under the terms of the original order, would at least continue, unless the motion to dismiss was made at that time. In this case, as the State's counsel did not affirmatively decline to waive service on August 30, 1909, nor move to dismiss upon the ground that he had not been served, the right to serve the motion within any time before the hearing which would give the respondent reasonable opportunity of resisting the motion, remained as part of the movant's right under the original order, unaffected by lapse of time. Nothing ruled in *Smedley*

v. *Williams,* 112 *Ga.* 114 (37 S. E. 111) ; *Mayor &c. of Brunswick*
v. *Davenport,* 131 *Ga.* 465 (62 S. E. 584), or *Cain* v. *State,* 131 *Ga.*
770 (63 S. E. 589), is in conflict with what we now hold.    An
examination of the original record in the case of *Smedley* v. *Will-
iams,* supra, discloses that there was no service of the motion at
any time, and that the movant insisted that there had been a waiver
of the service, merely because counsel for respondent informed him
that any named day would be agreeable for the hearing.    Of course
the motion was properly dismissed under such circumstances, be-
cause the mere fact that respondent's counsel agreed that he would
be willing for the hearing to be upon a certain day did not supply
the respondent with such notice of the contents and scope of the
motion as would enable him to prepare to resist the grant of the
motion.    He might want a hearing for the very purpose of moving
to dismiss.    In the present case, confessedly, there was service, and
the only question that can be raised is as to the sufficiency of that
service.    In the *Davenport* case, supra, the point before the court
was whether a motion for new trial should have been dismissed be-
cause the brief of evidence was not filed in time, and the judgment
of the lower court in dismissing the motion was reversed, because
the court erred in insisting upon a too strict compliance with the
letter of the law.    And the ruling in *Moxley* v. *Kinloch,* 80 *Ga.* 46
(7 S. E. 123), that the filing of the brief, together with the subse-
quent approval by the judge, will suffice, as a substantial compliance
with the order, was reaffirmed.    In the *Cain* case, supra, no judg-
ment dismissing the motion for new trial was properly excepted to,
for no reference was made in the record to the dismissal of the
motion for new trial; and, as a matter of fact, the judgment of the
lower court overruled the motion and refused a new trial.    Conse-
quently, what was said in that case is not now in point.

Our decision in this case is necessarily controlled by the ruling in
*Johnson* v. *State,* 4 *Ga. App.* 850 (62 S. E. 540), in which it was
held that where the original order, requiring service upon the re-
spondent, did not fix a definite time within which he should be
served, and the respondent was in fact served before the hearing,
such service was a substantial compliance with the original order,
and a sufficient legal service.    Section 5475 of the Civil Code
merely prescribes that the opposite party in every application for
new trial should be served with a copy of the rule nisi.    No limit of

time for service is prescribed. The judge can fix a time beyond which service will be ineffectual. That is to say, he can prescribe a reasonable time within which there must be service of the rule nisi upon the opposite party. But if there is no limitation imposed as to the time within which service of the rule nisi upon the opposite party is to be effected, then, under the rulings in *Martin v. Monroe*, 107 *Ga.* 330 (33 S. E. 62), and *Gould v. Johnson*, 123 *Ga.* 765 (51 S. E. 608), service which is ample to give the respondent sufficient time within which to prepare for the hearing upon the motion, and to resist it, if he so desires, is compliance with the provisions of §5475 of the Civil Code. The purposes of the law, with reference to the service of the rule nisi in motions for new trial, as embodied in §5475, is to give the opposite party such notice as will enable him to reasonably prepare for a hearing of the motion; and even if it can not be held that the solicitor in the present case waived service, under the ruling in *Baldwin v. Daniel*, 69 *Ga.* 782, still it can not be said from this record that the solicitor did not have ample time, after the service, to prepare to meet the grounds of the motion. The trial judge erred in holding that the service was insufficient.      *Judgment reversed.*