## 10584. ROSS *v.* GARRAUX.

While ordinarily, upon the pendency of a motion for new trial, it is necessary to obtain an order of the trial judge, in order to extend beyond the statutory period the time within which a movant may present and have approved a brief of evidence, the necessity for such order and the approval of the brief of evidence within the statutory period may be waived by agreement between counsel, either express or implied. Counsel for the respondent may, by his conduct in open court in consenting to a motion for continuance made by the movant for the express purpose of perfecting and presenting for approval a brief of evidence beyond the statutory period, and by his subsequent acts, be considered as having waived the necessity for an order extending such time, or as having waived his right to insist upon the filing and approval of the brief of evidence within the statutory period.

DECIDED DECEMBER 12, 1916.

(Certiorari granted by the Supreme Court.)

Motion for new trial; city court of Atlanta—Judge Reid. March 18, 1919.

*Hill & Adams,* for plaintiff in error.

*Brewster, Howell & Heyman, James E. Warren,* contra.

STEPHENS, J. Plaintiff in error filed a motion for new trial in the city court of Atlanta. The trial judge granted a rule nisi thereon, setting the hearing for Saturday, November 30, 1918, in term time. There was no order respecting any extension of the time for filing for approval a brief of the evidence. Upon the call of the motion on the date set the following occurred, as is set out in the bill of exceptions: "Counsel for plaintiff appeared in open court, and when said motion was called made the following statement and request: 'May it please your honor, we have no brief of the evidence in this case, and have not been able to prepare the amended motion for new trial, because the court reporter is ill, suffering of influenza, and has not written out the record. We do not know when he can furnish the record in this case. We want the time extended until he recovers and writes out the evidence and charge;' whereupon the judge looked to Mr. James E. Warren, attorney of record for defendant in the case, for an expression as to what should be done. *Mr. Warren was present in open court and stated that he had no objections.* The judge passed the motion without setting it for a day certain, and without comment, which plaintiff understood to be an extension of the time requested. No written order was presented or signed,

but the above conversation took place in open court on the day set in the rule nisi for the hearing of said motion for new trial." (Italics ours). After repeated continuances and happenings as hereinafter set out, the motion came on to be heard on Saturday, March 8, 1919, when counsel for the movant presented for approval a brief of the evidence. Upon objection then filed by other counsel for the respondent to the approval of the brief of the evidence, and a motion by him to dismiss the motion for new trial upon the ground that no brief of evidence had been filed or approved at the trial term and within the time allowed by law, the judge dismissed the motion for new trial. This action of the trial judge is before this court for review.

While a brief of evidence in a motion for new trial must be presented to the trial judge for approval within the time fixed by statute, unless the time for such presentation is extended, it is not always necessary that such extension of time be provided for by an order of court. An approval of the brief of evidence by the trial judge within the statutory period allowed for its presentation is not jurisdictional, and may therefore be waived by the respondent. Such waiver may be by express agreement between counsel or parties, or implied by their conduct in the progress of the case. In the case of *Cook* v. *Childers,* 94 *Ga.* 718 (19 S. E. 819), it was held: "By arguing the motion for new trial, without moving to dismiss the same for failure to file a brief of evidence in due time, the respondent in the motion waived this matter of objection, and consequently it is not good as a ground of exception to the judgment granting a new trial." In the case of *Moxley* v. *Kinloch,* 80 *Ga.* 46 (7 S. E. 123), it was held: "Though, in a consent order, the privilege of filing a brief of evidence be limited to a specified day in vacation, yet if after the day has elapsed counsel for both parties agree in writing that the brief is correct, entering their agreement on the brief and signing the same, and counsel for respondent in the motion for new trial then, at the request of counsel for movant, file the brief, thus co-operating in the business and with no express reservation or notice of any purpose to insist on time as of the essence, this is a waiver of the right to insist upon it, both as to filing and approving the brief; and such filing, together with a subsequent approval by the judge, will suffice as a substantial compliance with the order." Chief

Justice Bleckley, in the opinion in that case, said: "Time, when of the essence of anything, may be waived by the parties; and counsel are competent to make waivers for their clients in matters of practice. If they can make express ones they can make implied ones; if they can waive by agreement, they can waive by conduct. Here, if there was any purpose not to acquiesce in this as a compliance with the order, notice should have been given of it, or else the counsel should have declined to co-operate with counsel for the motion. The consequence of that co-operation and failure to give notice led to the incurring of expense and trouble and labor in following up this motion. If they intended to take advantage of the delay, then was the time to make it known, so that future conduct might not be rested upon faith in their acquiescence. We think that good faith between opposing counsel in the conduct of cases requires that notice shall be given, under such circumstances, of non-acquiescence. This is no effort to give effect to an agreement or consent in parol. It is a consent from conduct, and the witness as to what was done is, himself, one of the counsel for the respondent. We get information of all this from what he testifies, and as it comes up in the record from his testimony. There is no effort to prove any of these facts from anybody but the counsel himself; and though, as it appears neither of respondent's counsel had any purpose or intention to waive, yet they did not make known that secret or concealed state of mind; and those not admitted to their consciousness could not be aware of the meaning they attached to their conduct, and therefore their conduct must be judged by the meaning which would ordinarily be attached to it by those who were external to their consciousness. It is not designed to impute to them any purpose to mislead or deceive; but we say that they must be judged by conduct as it appeared to those who were outside of their consciousness, and not by what may have been the internal purpose or intent."

In *Mayor &c. of Brunswick* v. *Davenport,* 131 *Ga.* 465 (62 S. E. 584), where it was held that a strict compliance with the statute as to the filing of a brief of evidence in a motion for new trial may be waived by consent of counsel, Justice Evans, writing the opinion of the court, said: "A failure to file the brief of evidence in term or within the time limited by the term order is ordinarily a good ground for dismissing the motion. *Taliaferro* v. *Columbus*

*R. Co.,* 130 *Ga.* 570 [61 S. E. 228]. But the filing of the motion and the filing of the brief . . stand upon very different footings. As was observed in *Hilt* v. *Young,* 116 *Ga.* 712 (43 S. E. 76), 'The requirement that a motion for a new trial shall be deposited with the clerk, so that it may be put upon record and be subject to examination, is one in which others than the litigants may be interested. The judgment under review may be one affecting title to property. One having no notice of the pendency of the motion might purchase the execution and suffer loss thereby.' It is the pendency of the motion which affects third parties with notice. The brief of the evidence in the case is a necessary accompaniment of the motion—the motion is not complete without it. The essential office of the brief of evidence is to illustrate the merit of the grounds of the motion. The movant is required to present to the court a substantial photograph of the case, in order that the judge may determine whether the grounds of the motion show errors of such a character that a new trial should be had. The public are not interested or concerned with the merits of the motion. *A filing of the brief of the evidence has never been recognized by this court as a jurisdictional fact.* Thus it has been ruled that when a motion for a new trial has been fully argued, it is too late to move to dismiss it because the order fixing the time for the hearing has run out. *Davis* v. *Howard,* 57 *Ga.* 607. Again it has been held that 'by arguing the motion for new trial, without moving to dismiss the same for failure to file a brief of evidence in due time, the respondent in the motion waived this matter of objection, and consequently it is not good as a ground of exception to the judgment granting a new trial.' *Cook* v. *Childers* [supra]. A respondent in a motion may insist upon a strict compliance with the law in respect to the filing of the brief of evidence, and, after the time limit for filing the same has expired, is entitled to move for a dismissal of the motion, unless he has expressly or *impliedly waived the filing of the brief of evidence at an earlier time.*" (Italics ours.)

It seems therefore clearly established that counsel by their conduct may impliedly waive the time for filing a brief of evidence in a motion for new trial. Conduct of counsel for the respondent in the case now before us, it seems, amounted to a waiver of the respondent's right to insist upon the filing of the brief of evidence

within the statutory period. On Saturday, November 30, 1918, the date set for the hearing of the motion for new trial, counsel for movant, in open court, made the statement above quoted and attributed to him, in which he asked for a continuance of the motion until he could prepare a brief of evidence from the notes to be furnished by the official stenographer, who was at that time ill. Although counsel for respondent stated only that "he had no objections," this amounted to an agreement at that time to continue the case, and extend the time indefinitely, even beyond the statutory period, for filing and presenting for approval the brief of evidence, and counsel for movant so understood it. The court in pursuance thereof continued the hearing without setting it for a day certain, but passed no written order in the case. On Saturday, January 4, 1919, which was the last day of the term, and more than thirty days from the trial, counsel for movant, who had then prepared what he claimed to be a brief of the evidence, presented it for the judge's approval. The latter suggested that counsel submit the purported brief of evidence to counsel for the respondent, which counsel for movant immediately did. So far as the record discloses, counsel for the respondent made no objection and did not refuse to accept the brief of evidence then submitted to him by counsel for movant. Under the rules of the court, as stated in the bill of exceptions, all motions not disposed of upon the date set are automatically carried over until the next call of the motion docket. Afterwards, on the next call of the motion, on Saturday, January 11, 1919, upon an announcement of ready by counsel for movant, counsel for the respondent requested that the hearing be passed, which request the judge granted. No objection to the brief of evidence was then made by counsel for respondent. On the following Saturday, January 18, 1919, counsel for respondent, after an announcement of ready by counsel for movant, again requested a postponement of the hearing, which request the court again granted. No objection to the brief of evidence was then made by counsel for respondent. On Saturday, January 25, 1919, when the motion was again called, the court passed the motion on account of the illness of counsel for movant. No objection of any kind was then offered by counsel for respondent. Finally, on Saturday, March 8, 1919, upon the call of the motion, both sides announced ready. Counsel for movant then presented a brief of

the evidence for approval. Counsel for respondent thereupon objected to the approval of the brief of evidence, upon the ground that the same had not been presented for approval within 30 days from the date of trial and within the term at which the motion for new trial was filed, the term having expired January 4, 1919, and on this ground moved to dismiss the motion for new trial, which motion the court granted.

Counsel for respondent, upon the first call of the motion, if he did not expressly agree and consent thereto, at least gave counsel for movant to understand that he would waive the filing and approval of the brief of evidence within the statutory period, and having later allowed counsel for movant to submit to him a brief of the evidence, and thus, by his conduct, acquiesced in such understanding, and, in the language of Judge Bleckley in the case of *Moxley* v. *Kinloch,* supra, having "co-operated in the business," the respondent was in good conscience estopped from moving to dismiss the motion for new trial upon the ground that no brief of evidence had been presented for approval within the time allowed by law.

In the case of *Moxley* v. *Kinloch,* supra, the only semblance of an agreement between the parties occurred after the time for presenting for approval the brief of evidence had expired, and consisted in an agreement between counsel as to the correctness of the brief of evidence and the filing, by agreement, of the same with the clerk. While in the instant case the subsequent conduct of counsel for respondent did not as decisively "co-operate in the business" as did that of counsel for respondent in the case cited, yet his subsequent conduct, taken in connection with what happened upon the first call of the motion, amounted to an agreement to waive the time for approving the brief of evidence and extending the time of filing indefinitely until counsel for movant could prepare it. Counsel for respondent in the instant case as effectively "co-operated in the business" as did counsel for respondent in the case cited, where the court held that the conduct of counsel for respondent amounted to a waiver of any right which he may have had to move for a dismissal of the motion for new trial for failure to file the brief of evidence within the time allowed by law.

In the case of *Taliaferro* v. *Columbus Railroad Co.,* supra, where it was held that a brief of evidence is indispensable to the validity

of a motion for new trial, and that where the brief of evidence was not filed within the time allowed by law, nor an order stipulating an extension of time was passed, the motion for new trial should have been dismissed, the question as to the power of counsel to expressly or impliedly waive such time of filing or the taking of a formal order extending the time was not passed upon. In that case there was no agreement to extend the time for presenting a brief of evidence for approval, nor was there anything in the conduct of the parties or their counsel which could amount to an express or implied agreement to waive the time of filing the brief of evidence for approval, or the taking of a formal order extending such time. This case is therefore distinguishable from the instant case and is not authority, in view of the facts now before us, to sustain the contention of defendant in error. In the instant case, while no order was taken extending the time in which to present for approval a brief of evidence, the action of the attorney for respondent, as has been seen, amounted to a waiver of any failure upon the part of the movant to present for approval a brief of evidence within the time allowed by law.

The trial judge therefore erred in dismissing the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*