## GARRAUX, executor, *v.* ROSS

The general rule is that a motion for new trial, which includes a brief of the evidence, must be made during the term at which the trial was had; and where a motion for new trial is made in term, and no brief of the evidence is filed, and no order of court is taken extending the .time at which the brief of evidence may be filed, it is proper to. dismiss the motion. These requirements are jurisdictional.

(*a*) Consequently, where a motion for new trial was made in term, but no brief of the evidence was filed, and no order of the court taken extending the time in which such brief might be filed, no valid motion was pending; and where in such case counsel for the respondent, on the call of the motion at the time set in the rule nisi, "offered no objection" to the case being "passed" or checked on the motion docket at the request of the movant in order to allow him time to procure a brief of the evidence and have the same approved by the trial judge; and where on a subsequent call of the motion after the adjournment of the term of court, the movant announced "ready" and presented a brief of the evidence for approval by the court, and the respondent moved to dismiss the motion, and the court refused to approve the brief of evidence and dismissed the motion for new trial, such ruling was not error.

(*b*) The conduct of the respondent's counsel, even if it can be held to be an implied waiver, was not sufficient, in the absence of a timely order of court, to extend the jurisdiction of the court.

No. 1836. NOVEMBER 10, 1920.

Certiorari; from Court of Appeals. 24 *Ga. App.* 601.

L. R. Ross brought a suit for damages against Frank Garraux, executor of A. C. Gann, deceased, and on the trial the jury returned a verdict for the defendant. On the following day, November 9, 1918, the plaintiff presented a motion for new trial, which was approved by the court and was filed on the same day. A rule nisi was served on the defendant, requiring him to show cause, on November 30, 1918, why a new trial should not be granted in the case. On the call of the motion on the date set, as the bill of exceptions shows, the following occurred: On November 30, 1918, counsel for the plaintiff appeared in open court, and, when the motion for new trial was called, made the following statement and request: "May it please your honor, we have no brief of the evidence in this case, and have not been able to prepare the amended motion for new trial, because the court reporter is ill — suffering of influenza, and has not written out the record. We do not know when he can furnish the record in this case. We want the time extended until he recovers and writes out the evidence and charge." The trial judge looked to

Mr. James E. Warren, attorney of record for defendant in the case, for an expression as to what should be done. Mr. Warren was present in open court, and stated that he had no objection. The judge passed the motion without setting it for a day certain, and without comment, which it is alleged the plaintiff understood to be an extension of the time requested. No written order was presented or signed, but the above conversation took place in open court on the day set in the rule nisi for the hearing of the motion for new trial. As soon as the court reporter furnished the plaintiff with a transcript of the record, the amended motion for new trial, a brief of the evidence, and a transcript of the motions, objections, and rulings had thereon during the trial of the case were presented to the court for approval, on January 4, 1919, at which time the trial judge suggested that counsel for plaintiff submit these to counsel for defendant and procure an agreement as to their correctness. Counsel for the plaintiff immediately submitted the brief of the evidence and transcript of the motions, objections, and rulings thereon, to James E. Warren, attorney of record for defendant, and served him with a copy of the amended motion for new trial. It is stated that motions are called on Saturday only in the city court of Atlanta, and motions not disposed of are automatically passed to the following Saturday. At the following call of motions in the city court of Atlanta, on January 11, 1919, counsel for the plaintiff appeared in open court, and, when the motion for new trial was called, announced ready. Counsel for the defendant requested that the motion for new trial be passed. The court passed the motion. At the following call of motions in the city court of Atlanta, on January 18, 1919, counsel for the plaintiff appeared in open court, and, when the motion for new trial was called for hearing, announced ready. Counsel for the defendant again requested that the motion be passed. It was passed. At the following call of motions in the city court of Atlanta, on January 25, 1919, Virgil E. Adams, counsel for the plaintiff, was ill, suffering from influenza, and the plaintiff requested that the motion be passed, which request was granted. The city court of Atlanta recessed during the month of February, 1919. At the next call of motions in the city court of Atlanta, on March 8, 1919, both the plaintiff and the defendant announced

ready. Whereupon the plaintiff again presented the brief of the evidence, the amended motion, and a transcript of motions, objections, and rulings thereon, to the court for approval. At which time the plaintiff [defendant?] objected to the approval of said brief, amendment, and transcript, on the ground that the brief of the evidence was not presented, approved, and filed within thirty days from the trial of this case, and not within the term at which the motion was made, and made a motion to dismiss the motion for new trial on that ground. The court sustained the motion to dismiss, and declined to approve and order filed the amended motion for new trial, the brief of evidence, and the transcript of the motions, objections, and rulings thereon; to which ruling the plaintiff excepted. The November term of the city court of Atlanta convened on the first Monday in November, 1918, and adjourned on Saturday before the first Monday in January, 1919. The case was taken to the Court of Appeals by writ of error; and the judgment of the lower court was reversed, the court holding: "While ordinarily, upon the pendency of a motion for new trial, it is necessary to obtain an order of the trial judge, in order to extend beyond the statutory period the time within which a movant may present and have approved a brief of evidence, the necessity for such order and the approval of the brief of evidence within the statutory period may be waived by agreement between counsel, either express or implied. Counsel for the respondent may, by his conduct in open court in consenting to a motion for continuance, made by the movant for the express purpose of perfecting and presenting for approval a brief of evidence, beyond the statutory period, and by his subsequent acts, be considered as having waived the necessity for an order extending such time, or as having waived his right to insist upon the filing and approval of the brief of evidence within the statutory period." It is to this decision of the Court of Appeals that this application for certiorari was brought in order that this court may review the decision of the Court of Appeals.

*James E. Warren* and *Brewster, Howell & Heyman,* for plaintiff in certiorari. *Hill & Adams,* contra.

HILL, J. (After stating the foregoing facts.) The question to be decided by this court, in view of the foregoing statement of facts, is whether, in a case tried in the city court of Atlanta,

the terms of which continue longer than thirty days, where the motion for new trial shall be filed within thirty days from the trial, together with a brief of the evidence, the amended motion, etc., subject to the approval of the court, the court, after the expiration of the thirty days, where no brief of the evidence is made, filed, and approved, and no order taken within thirty days, or any other time, extending the time for completing the brief of evidence and the amended motion for new trial, has jurisdiction to allow ·the motion for new trial and brief of evidence approved and filed, notwithstanding the fact that the defendant has stood by and agreed to the "passing" of the motion for new trial, when it was called for hearing from time to time, without making a motion to dismiss the motion for new trial for want of a brief of the evidence having been filed as required by law.    The Court of Appeals decided that the trial court had jurisdiction to do so, and based its decision on the doctrine of *waiver.*

The Civil Code of 1910, § 6089, provides: "All applications for a new trial, except in extraordinary cases, must be made during the term at which the trial was had; and when the term continues longer than thirty days, the application shall be filed within thirty days from the trial, together with a brief of the evidence, subject to the approval of the judge and subject to the right of amendment allowed in applications for a new trial; but all applications herein provided for may be heard, determined, and returned in vacation."    It will be observed that this law requires that all motions for new trial, except in extraordinary cases, must be made during the term at which the trial was had; and when the term continues longer than thirty days, the application shall be filed within thirty days from the trial, *together with a brief of the evidence,* subject to the approval of the judge, etc.    In *Reed* v. *Warnock,* 146 *Ga.* 483 (91 S. E. 545), it was held: "A motion for a new trial, which includes a brief of the evidence, must be made during the term at which the trial was had; and where a motion for new trial is made in term and no brief of the evidence is filed, and no order of court is taken extending the time at which the brief of evidence may be filed, it is proper to dismiss the motion.    (*a*) And where in such case a motion for new trial was made, but no order of the court

was taken in term to extend the time in which a brief of the evidence might be filed, but such an order was taken in vacation subsequently to the filing of the motion for new trial, such order was a mere nullity. (*b*) On the call of such a motion for a new trial, set at a certain date in vacation, the court did not err in dismissing it, even though a brief of the evidence was then presented for approval by the court." For an elaboration of the above headnotes see the body of the opinion beginning on bottom of page 485. And see also *Verner* v. *Gann,* 144 *Ga.* 843 (88 S. E. 204), where it was said by Evans, P. J., at the end of the opinion: "When no brief of the evidence was filed, and no order taken for an extension of time, no valid motion was pending; and it was not error to dismiss the same on motion. *Taliaferro* v. *Columbus Railroad Co.,* 130 *Ga.* 570 (61 S. E. 228)." See, to the same effect; *Brunswick Light &c. Co.* v. *Gale,* 91 *Ga.* 813 (18 S. E. 11); *Gould* v. *Johnston,* 123 *Ga.* 765 (51 S. E. 608); *Pinnebad* v. *Pinnebad,* 129 *Ga.* 267 (58 S. E. 879); *Moxley* v. *Ga. Ry. &c. Co.,* 122 *Ga.* 493 (50 S. E. 339).

The opinion of the Court of Appeals is based alone upon the doctrine of waiver, and certain decisions of this court are relied upon to support its decision, viz.: *Cook* v. *Childers,* 94 *Ga.* 718 (19 S. E. 819); *Moxley* v. *Kinloch,* 80 *Ga.* 46 (7 S. E. 123); *Mayor &c. of Brunswick* v. *Davenport,* 131 *Ga.* 465 (62 S. E. 584); *Davis* v. *Howard,* 57 *Ga.* 607. On the argument here counsel for the defendant in error cited the case of *Peagler* v. *Davis,* 145 *Ga.* 316 (89 S. E. 201), and others of like import, to sustain the decision of the Court of Appeals. All of the cases cited by the Court of Appeals, and by counsel for defendant in error, to support its decision, dealt with the effect of waiver on the failure to comply with orders that were taken in each of those cases extending the time for filing a brief of evidence, or the time for the hearing of the motion for new trial. In each of those cases there was a motion for new trial and an order taken extending the time for filing a brief of the evidence, or the time for the hearing. In the case of *Cook* v. *Childers,* supra, this does not appear from the published decision, but an examination of the original record of file in the clerk's office shows that an order of the court was taken in that case. · In the instant case no valid motion for new trial was pending, because a brief of the

evidence was essential to the completion of such motion. See citations supra. Even if the conduct of the defendant's attorney could be held to be an implied waiver from a mere consent to a postponement of the hearing (see *Hilt* v. *Young,* 116 *Ga.* 708, 713, 43 S. E. 76), such waiver by counsel without a timely order of court will not be sufficient to extend the jurisdiction of the court.

In view of what has been said, it follows that the trial court did not err in dismissing the motion for new trial on motion; and it was error for the Court of Appeals to reverse that ruling.

*Judgment reversed. All the Justices concur.*