WARREN, executor, *v.* SMITH.

No. 9053. June 16, 1932. Rehearing denied July 16, 1932.

*N. J. Smith* and *Roy V. Harris,* for plaintiff in error.
*M. C. Barwick,* contra.

Gilbert, J. Hosea Smith sued B. H. Warren, executor of the estate of Miss Julia Dixon, for specific performance of a parol contract alleged to have been made by Miss Dixon to leave to Smith, by her will, certain real estate and money in consideration of services rendered to Miss Dixon. Trial of the case resulted in verdict and judgment for plaintiff. The defendant's motion for a new trial was overruled, and he excepted.

■ One ground of the motion for new trial complains that the court erred in admitting, over timely objection, the following evidence of the plaintiff: "In the conversation testified by Carrie Brown between Miss Julia and myself, with reference to the room and about the windows, Miss Julia called me and asked me who told me to build the room. I said, 'You, Miss Julia; you got the lumber for me to build it.' She said go ahead and fix it, because she had given it to me, and she said everything is all right. I went ahead repairing the house as I was. About removing the

sash I said, 'You promised to give me the house, and I am fixing it at your request; and if I have to move, you will consider all my things.' She said, 'Of course.' " The objection was that the case was defended by the personal representative of a deceased person, therefore the evidence was inadmissible under the Civil Code (1910), § 5858, par. 1. It is contended by the defendant in error that the evidence was admissible under the Civil Code, § 5858, par. 6, because the defendant had introduced a witness, Carrie Brown, who had "testified as to the transaction or communication" on the part of the defendant, and that Carrie Brown was "a witness interested in the suit." It is not made to appear that the witness was interested in the suit, so § 5858, par. 6, does not apply. Under § 5858, par. 1, the evidence was inadmissible. The court therefore erred, and a new trial must result.

■ Defendant in error insists that under the ruling made in *McDaniel* v. *Walden,* 168 *Ga.* 40 (146 S. E. 767), this court must of necessity affirm the judgment. The ground upon which movant bases this insistence is that the bill of exceptions recites that "a brief of evidence was necessary to the determination of the errors complained of," and that it appears from the brief of evidence that the same is incomplete. Respondent points out that in the brief of evidence the following statement appears: "Harris offers copy of will dated Sept. 22, 1928;" that the will does not appear as a part of the brief of evidence contained in the record; that the brief of evidence shows that the deceased, Miss Julia Dixon, left a will; that the clerk of the superior court, at the conclusion of the brief of evidence as approved by the trial judge, attached the following certificate: "I hereby certify that when the foregoing brief of evidence was filed with me the will alleged to have been offered in evidence, on the next to the last page of the brief of evidence, was not attached to the brief of evidence, nor was it filed with me in any way." It has several times been ruled by this court that under the Code, § 6089, a proper brief of evidence is essential to a motion for new trial. *Garraux* v. *Ross,* 150 *Ga.* 645, 648 (104 S. E. 907). It is mandatory, therefore, upon this court to refuse to consider any motion for a new trial where there is no sufficient bona fide effort to comply with the statute. Is there a sufficient compliance in this case? If the will of the deceased, Miss Dixon, was offered *and admitted,* it thereby became a part of the evidence in the case and

might be a necessary part of the brief of evidence. It does not necessarily follow that in all cases a will, though admitted in evidence, should become a part of the brief of evidence filed with the motion for a new trial. It may have been admitted, and at the same time be entirely immaterial to a proper adjudication of the issues in this court. This was a suit for specific performance of a parol contract by which the plaintiff claimed that he was entitled to described real property. On that question it is not obvious what effect the will would have upon the result of the case. Nothing in the record indicates that it would have any bearing. In these circumstances it might well be omitted from the brief of evidence without having the effect of causing the brief to be incomplete. The will might have shown that Miss Dixon did not perform her alleged oral contract, but the entire controversy is based on whether there was such contract, and, if there was, the failure of Miss Dixon to perform her part of the agreement. It is insisted, however, in the brief of defendant in error that the will would show that Carrie Brown, introduced as a witness by the defendant, was interested "in the event of the suit," and that such being the case, and Carrie Brown having been introduced as a witness, these facts would, under the Civil Code, § 5858, par. 6, render the evidence of the plaintiff admissible. It does not sufficiently appear that the will ever became a part of the evidence in the case. The language quoted in the brief of evidence is: "Harris offers copy of will dated Sept. 22, 1928." That statement is not the equivalent of a statement that the will was offered *and admitted*. This may seem a ruling upon a rather narrow point, or a very technical point. It may be replied that the contention that the court can not consider the brief of evidence, and should affirm the judgment of the trial court on the ground that the brief of evidence is incomplete, stands upon the same basis. It would seem in such a case, where to rule either way would be to draw the line rather technically, the better view would be to adopt the alternative that would not deny an adjudication of the case on its merits. There is nothing to show that the will was *admitted* and *became a part of the evidence in the case,* and is therefore essentially a part of the brief of evidence. For these reasons we hold that the brief of evidence was not incomplete, and that there is no ground for refusing to consider it and the grounds of the motion for new trial dependent upon it.

The third headnote does not require elaboration.

*Judgment reversed.   Russell, C. J., Beck, P. J., and Atkinson and Hill, JJ., concur.*