19851. ENDICOTT *v.* ENDICOTT.

SUBMITTED SEPTEMBER 12, 1957—DECIDED OCTOBER 15, 1957— REHEARING DENIED NOVEMBER 8, 1957.

*Endicott & Endicott,* for plaintiff in error.
*Claude Hambrick,* contra.

ALMAND, Justice. Richard C. Endicott filed his suit for a divorce against Yvonne G. Endicott, on the grounds of cruel treatment. The defendant filed her answer, in which, by cross-complaint, she prayed for temporary and permanent alimony and attorney's fees. The plaintiff's general and special demurrers to the defendant's cross-complaint were overruled. On the trial, the jury granted a divorce to the plaintiff and awarded the defendant permanent alimony, upon which a decree was entered awarding the defendant $150 as attorney's fees. Within 30 days from the date of the verdict, the plaintiff filed a motion to vacate and set aside that portion of the verdict and judgment awarding alimony and attorney's fees as being contrary to the law and the evidence; and further assigned error on a portion of the charge. On the hearing of the motion, the court entered the

following order: "The plaintiff in the above-stated case having failed to attach a brief of the evidence in said case within thirty days of the verdict and judgment rendered therein, and having failed to obtain an order granting additional time for the filing of a brief of the evidence within thirty days of said verdict and judgment, all of that portion of the plaintiff's motion in the nature of a motion for a new trial labeled 'motion to vacate and set aside' is overruled and dismissed. That portion of said motion of the plaintiff in which he alleges said verdict and judgment for alimony and attorney's fees is contrary to law is hereby overruled. It is further ordered that said motion to vacate and set aside of the plaintiff is overruled and dismissed."

The plaintiff, in his bill of exceptions, assigns error on the order overruling his demurrers to the defendant's cross-complaint and on the order denying and dismissing the motion to vacate and set aside the verdict and judgment as to alimony and the judgment for attorney's fees.

■ In his general demurrer, the plaintiff insisted that the defendant's cross-complaint for alimony was not based on the plaintiff's petition for a divorce, and therefore did not come within the provisions of Code § 30-210 (1), which provides that permanent alimony shall be granted "in cases of divorce," but that the defendant's cross-complaint for alimony was, instead, based upon voluntary separation, as provided for in Code § 30-210 (2).

There is no merit to either contention. The fact that in that portion of her answer to the husband's petition for divorce, the defendant did not pray for an award of alimony and attorney's fees, but did, under a part of her answer headed "cross-complaint," pray for an award of alimony and attorney's fees, but did not pray for a divorce, did not convert her action into one for permanent alimony based upon voluntary separation. Her use of the words "voluntarily separated himself from the complaintant" were in refutation of the plaintiff's charge that the separation was caused by her cruel treatment. There being no merit to any of the special demurrers, the court did not err in overruling the general and special demurrers.

■ In his motion, denominated as one, to vacate and set

aside that portion of the verdict awarding permanent alimony and the portions of the decree awarding permanent alimony and attorney's fees, the plaintiff relies on none other than the general grounds for a motion for new trial, and presents the same grounds as were argued in his general demurrer. To determine whether the awards of alimony and attorney's fees were erroneous, a consideration of the evidence at the trial would be necessary. It affirmatively appears from the record that no brief of the evidence was filed within 30 days from the date of the verdict, and that there was no order granting additional time for the filing of a brief of evidence. At the time that the motion was heard, more than 60 days after the verdict, there was no valid motion pending in the trial court. *Garraux* v. *Ross,* 150 *Ga.* 645 (104 S. E. 907). The motion in the instant case was in effect a motion for a new trial and subject to the rules of practice governing motions for new trial, one of them being that a brief of the evidence must be filed with the motion unless by order of the court additional time for its filing is granted. *Ayer* v. *James,* 120 *Ga.* 578 (48 S. E. 154) ; *Dollar* v. *Fred W. Amend Co.,* 186 *Ga.* 717 (198 S. E. 753) ; *Crenshaw* v. *Crenshaw,* 198 *Ga.* 536 (3) (32 S. E. 2d 177).

The trial court did not err in dismissing and denying the motion to vacate and set aside portions of the verdict and decree.

*Judgment affirmed. All the Justices concur.*