BAKER *v.* JOHNSON & HARRIS *et al.*

Where one dissatisfied with a verdict files during the term a motion for a new trial, and, instead of pursuing the strict law in such cases provided, obtains an order allowing him until a future time in vacation to prepare and file a brief of the evidence in the case and to amend the motion he must abide by the terms

of the order thus obtained; and consequently if no brief of evidence is prepared and presented, the motion for a new trial is not made either in the manner required by law or in that pointed out by the order, and therefore is subject to be dismissed on motion; and this is true although the motion for a new trial may have been amended by the addition of a new ground the determination of which would not require a consideration of the evidence.

April 27, 1896.  Argued at the last term.

Motion for new trial.    Before Judge Reese.    Warren superior court.    April term, 1895.

Elizabeth F. Baker, one of the defendants, moved for a new trial on the grounds that the verdict was contrary to law, evidence, and the principles of justice and equity. Thereupon the court passed an order, that the plaintiffs show cause during the May term, 1895, of the superior court of Wilkes county, why the motion should not be granted, and that movant be "allowed until the hearing to prepare and file a brief of the evidence in said case and amend her motion." During said May term movant offered an amendment to her motion, which was allowed, whereby she alleged that the verdict should be set aside as illegal and void, because Poole, a member of the jury who tried the case, was a second cousin to L. A. and Augustus Cason, who were parties to the suit, being preferred creditors in the assignment, and the verdict being in favor of the assignee; which relationship was unknown to movant and her counsel until after the verdict.    Attached to the amended  motion  were  several  affidavits offered to support the ground just stated.

Movant thereupon abandoned all the grounds of the original motion and relied solely on the amended motion. It appearing, however, that no brief of the evidence introduced at the trial had been filed, the court, on plaintiff's motion, dismissed the motion for new trial, and movant excepted.

,W. M. Howard and H. T. Lewis, for plaintiff in error. James Whitehead, E. P. Davis and R. H. Lewis, contra.

ATKINSON, Justice.

A brief of evidence is indispensable as a part of a lawful motion for new trial. The court, as a matter of grace, made an order by which the movant was "allowed until the hearing to prepare and file a brief of the evidence in said case and amend her motion." Until the brief of evidence was prepared, presented and ordered filed, a motion for new trial was not made. This order was not complied with, and when the case came on to be heard, it was properly dismissed. The movant insists, however, that inasmuch as she amended her motion by the insertion of a ground to the consideration of which none of the evidence was necessary, the court should have heard her upon that ground of the motion. The vice of this position lies in the fact, that until a motion for a new trial had been made, there was nothing to amend. Motions for new trial properly made may be amended by the insertion of new grounds at the hearing, but we know of no authority for the consideration of new and independent grounds of a motion for new trial, where no motion has been originally made upon which they can be engrafted. The movant complied neither with the law nor with the consent order in the preparation of her motion for new trial, and therefore the circuit judge did not err in dismissing it. *Judgment affirmed.*