## CHESHIRE *v.* WILLIAMS, and *vice versa.*
## CHESHIRE *v.* WILBANKS, and *vice versa.*

1. Where upon the call of a case pending upon appeal in the superior court a motion is made to dismiss the appeal and is overruled, and thereupon the appellee files exceptions pendente lite to the judgment overruling such motion, and the cause proceeding to trial results in a verdict in his favor, and where in such a case a motion for a new trial is made by the appellant which is overruled and he prosecutes a writ of error to this court, the appellee filing a cross-bill of exceptions assigning error upon the refusal of the trial judge to dismiss the appeal, and where upon the hearing of such writs of error it appears that the questions made in the cross-bill are controlling upon the case as a whole, they will be first considered; and if the judgment of the trial judge upon such exceptions is reversed, the errors complained of in the main bill of exceptions will not be considered.

2. An affidavit in forma pauperis, under which an appeal is sought to be entered, is defective which does not state conjunctively in the language of the statute that the appellant is unable from his poverty both to pay the costs and to give the security required by law in cases of appeal; and hence an affidavit, made for such purpose, which states only that the appellant is unable from his poverty "to give the security required by law in cases of appeal," will not suffice; and this is true even though it was made to appear upon the hearing of a motion to dismiss the appeal for the want of a sufficient affidavit that the costs had already been paid.

LUMPKIN, P. J., concurring specially.

Argued June 23, — Decided July 20, 1897.

Foreclosure of liens. Before Judge Hutchins. Clarke superior court. October term, 1896.

*Edward Young* and *H. C. Tuck,* for Cheshire.
*Thomas F. Green,* contra.

SIMMONS, C. J.   Williams and Wilbanks sued out laborers' liens against Cheshire, and he defended on the ground that Williams and Wilbanks were typesetters and were not laborers. The cases were tried in a justice's court before the magistrate, and judgment was in each case rendered in favor of the plaintiff.   Cheshire then appealed to the superior court.   It seems from the record that he paid the costs in the justice's court, but was unable from his poverty to give the bond and security required by law.   In order to obtain his appeal he filed an affidavit in which he stated that, owing to his poverty, he was "unable to give the security required by law in cases of appeal."   When the cases were called for trial on the appeal, the appellee moved to dismiss the same because of the insufficiency of the affidavits in forma pauperis.   This motion was overruled, the cases were tried, and judgments were rendered in favor of the appellees.   Cheshire, the appellant, made a motion for a new trial, upon grounds unnecessary here to set out.   This motion was overruled by the court, and Cheshire excepted.

When the motion to dismiss the appeals was overruled by the court, Williams and Wilbanks filed exceptions pendente lite, alleging error in the refusal of the judge to dismiss the appeals on account of the defectiveness of the affidavits.   When Cheshire tendered his bills of exceptions, Williams and Wilbanks tendered their cross-bills, assigning error upon their exceptions pendente lite.

1. When the record came before this court for examination, it was determined that the court below committed error in refusing to dismiss the appeal, and that the error was fundamental because it went to the jurisdiction of the court to entertain the appeal.   If the court had no jurisdiction, what happened in the trial upon the merits of the case was a nullity.   We therefore decided the question made in the cross-bill, and announced the ruling of the court as above set out in the first headnote. What is said in the headnote I deem it unnecessary to elaborate, as the question ruled is one of practice and is, with this explanation of the facts, easily understood.

2. Our code requires that when a person is dissatisfied with the judgment of an inferior court he may appeal, but that be-

fore doing so he must pay all the costs that have accrued and give bond and security for the eventual condemnation-money. If he be unable to do this, it is further provided that if he will make out and file an affidavit in writing that he is advised and believes that he has good cause of appeal, and that owing to his poverty he is unable to pay the costs and give the security required by law in cases of appeal, he shall be permitted to enter an appeal without paying the costs or giving security. Civil Code, § 4465. It will be seen from the recital in the statement of facts, that the affidavits made by the appellant did not follow this section of the code. He deposed simply that from his poverty he was unable to give the security. The code requires that the affidavit state inability both to pay the costs and to give the security.

It was argued here that, being a conscientious man and being able to pay the costs, the appellant could not depose that he was unable to do so. This is, in our opinion, a misapprehension of the meaning of the affidavit required by the statute. A man may conscientiously depose that he can not do both of two things, although he may be able to do either of them. To illustrate: a man who can easily walk fifty yards but who can not leap over a fence twenty feet high, may conscientiously swear that he is unable to walk the fifty yards and leap the fence. So a man, if able to pay the costs of suit but unable to give the bond for the eventual condemnation-money, can truthfully depose that he can not do both. The law requires that both statements should be made conjunctively in the affidavit; and this provision not having been complied with in the present case, the affidavit was defective and the court had no jurisdiction to entertain the appeal, although it appeared that the appellant had paid the costs in the justice's court.

What the court ought to have ruled if it had appeared in the affidavits themselves that the costs had been paid, is not here decided, as that question is not made in the record and is, therefore, not in the case.

*Judgment reversed on cross-bills of exceptions; main bills of exceptions dismissed. All the Justices concurring.*

LUMPKIN, P. J., concurring specially. One who, from poverty, is able to do only one of two things, is necessarily, from the same cause, unable to do *both* of them. As the appellant in these cases had actually paid the costs, and then made affidavit that he could not, because of his poverty, give the security required by law, it seems clear that he was, at the time of entering the appeal, unable to both pay the costs and give the requisite bond. Had it appeared from the affidavit that the costs had been paid, and it had then proceeded to state that the appellant was unable, from poverty, to also give the bond, there would, it seems, have been a substantial compliance with the law. Since, however, the affidavit as filed did not conform, either technically or substantially, to the terms of the statute, and no offer was made by the appellant to amend his affidavit, as it was his right to do under section 5124 of the Civil Code, I concur in the judgment above announced.