BECK *v.* THOMPSON & TAYLOR SPICE COMPANY.

1. The verdict was not contrary to the evidence.
2. The instructions to the jury were in substantial accord with the law laid down by this court in the present case at a former term.
3. In order for this court to determine whether an answer did or did not contain an alleged admission, a copy of the answer must appear in the transcript of the record.
4. When a bill of exceptions specifies as a material portion of the record a particular document, and a copy of it is not sent up, this court, in the absence of a timely suggestion by counsel of a diminution of the record, will not, after ascertaining in the proper manner that the original is not of file in the office of the clerk of the trial court, take further steps to have the record completed.

Argued January 2, — Decided January 28, 1901.

Complaint. Before Judge Reid. City court of Atlanta. February 3, 1900.

*H. M. Patty* and *C. L. Pettigrew,* for plaintiff.
*Mayson & Hill,* for defendant.

LUMPKIN, P. J. This case was here at the March term, 1899, at which time it was held that the trial court erred in refusing to allow an amendment to the plaintiff's petition; and it was further adjudicated that, had the amendment been allowed, the petition would have set forth a cause of action. See 108 *Ga.* 242. At the trial now under review, the plaintiff introduced evidence sufficient to warrant a finding that his services to the defendant were worth the amount claimed therefor in his petition. There was, however, a verdict for the defendant, and the plaintiff made a motion for a new trial, to the overruling of which he excepted.

1. As to the general grounds of this motion, alleging that the verdict was contrary to the evidence and without evidence to support it, it is sufficient to say that they are not well taken, there being ample testimony to sustain the finding of the jury.

2. The motion also complains of certain charges of the court, as to which we will merely remark that they were in substantial accord with what was laid down in the opinion of Mr. Justice Little when the case was before us at the term above mentioned.

3. It is inferable from the brief of evidence that the parties were at issue as to the length of time during which the contract between the plaintiff and the defendant was to remain of force. The plaintiff introduced evidence in support of his contentions that there

was in existence a custom that contracts of this nature were to continue for one year, and that this custom was so general as to become a part of the particular contract entered into between himself and the defendant. The court, in its charge, left the jury to determine whether or not any such custom existed. The motion for a new trial complains that the court erred in so doing, for the reason that the answer of the defendant admitted the existence of the alleged custom. In the bill of exceptions the defendant's answer was specified as a material part of the record to be transmitted to this court. Upon examining the transcript, we found no copy of the answer, and thereupon passed an order directing the clerk of the trial court to make out and certify a copy of the answer and transmit it to this court. In response to this order, the clerk certified, in effect, that to the best of his recollection there was an answer used on the trial of the case, but that no such answer was of file in his office. It is therefore apparent that, after exhausting all the means at our command, we are unable to obtain an authentic copy of the defendant's answer. It must be assumed that there was an answer, and that the case was tried upon the same and the petition as amended; for, as has been seen, the plaintiff specified as a part of the record to be transmitted to this court "the answer of the defendant.' It would be manifestly unfair to the defendant to treat the case as one in which there was no answer at all. In the absence of a certified copy of the answer, we are unable to determine whether it contained the alleged admission or not, and consequently it does not affirmatively appear that the trial judge erred in the manner stated. On the contrary, the presumption that the court correctly submitted to the jury the issues raised by the pleadings necessarily leads to the conclusion that the plaintiff's complaint in this regard is not well founded. One of the oldest and best-settled rules of practice which has prevailed in this court from the time of its organization down to the present is, that he who alleges error must affirmatively show its commission. It was, under rule 7 of this court (Civil Code, § 5606), incumbent upon counsel for the plaintiff in error, when the case was called for argument or before that time, to direct attention to the fact that a copy of the defendant's answer did not appear in the transcript of the record. Had this been done, we would have issued an order calling upon the clerk of the trial court to show cause why he had

not transmitted to this court this necessary portion of the record; and upon his response that no such paper was of file in his office, counsel would then have discovered that the defendant's answer was missing from the files of the court below, and could have taken appropriate steps to complete the record. As they wholly failed to observe the requirements of this rule, we do not feel called upon to do more than that which we have already done, as above explained. *Judgment affirmed. All the Justices concurring.*