## MOXLEY v. GEORGIA RAILWAY AND ELECTRIC CO.

A brief of evidence is essential to the validity of any motion for a new trial; and a paper presented as a motion for a new trial, which was unaccompanied by anything purporting to be a brief of the evidence introduced on the trial, was properly dismissed.

Argued February 2,— Decided March 25, 1905.

Motion for new trial.     Before Judge Calhoun.     City court of Atlanta.    May 2, 1904.

Andrews & Skeen, for plaintiff.     Rosser & Brandon, W. T. Colquitt, and B. J. Conyers, for defendant.

CANDLER, J.   In a suit by Mrs. Louisa E. Moxley against the Georgia Railway & Electric Company a verdict was rendered for the defendant.   The plaintiff filed a motion for a new trial, on the grounds that the verdict was contrary to law and the evidence and decidedly against the preponderance of the evidence, and on the further ground that the judge who tried the case was disqualified on account of relationship to a stockholder of the defendant company.   No brief of evidence was filed with this motion.   The judge passed an order requiring the defendant to show cause why a new trial should not be granted as prayed, and giving the plaintiff until the final hearing of the motion to prepare and file a brief of evidence and to amend her motion.   When the motion came on to be heard no brief of evidence had been filed, and thereupon the defendant moved to dismiss.   Counsel for the plaintiff "insisted that for the consideration of the fourth ground of the motion for a new trial no brief of the evidence produced upon the trial was material, relevant, or necessary; grounds one, two, and three of said motion being by movant therein abandoned."   The court dismissed the motion for a new trial, and the plaintiff excepted.

Whether a motion for a new trial is the proper method of calling in question the qualification of the trial judge is a point upon which we are not free from doubt; but as there is nothing in the record or the original briefs filed by counsel to indicate that any objection was made to this procedure, we will treat the case as it was treated by counsel for both sides, without adjudicating that question.   Under the repeated rulings of this court, a brief of evidence of some sort is indispensable to a valid motion for a new trial.   A paper setting forth the movant's reasons for asking for a new trial is not, in legal contemplation, a motion unless it is accompanied by a brief of the evidence.   *Baker* v. *Johnson,* 99 *Ga.* 374; *Mize* v. *Americus Co.,* 106 *Ga.* 140.   These decisions rest squarely upon the provisions of the statute.   Civil Code, §§ 5484, 5488, 5680.   It is contended, however, that inasmuch as the only ground of the motion which was insisted upon did not require a consideration of any of the evidence introduced on the trial, it would be vain and foolish to require the plaintiff to submit a brief of that evidence.   This argument is not without force; and it is suggested that the General Assembly might with propriety enact such legislation as would relieve the apparent hardship of cases

like this. Any relief which is granted, however, must come from that department of the government, and not from this court. As the law now stands, in view of the rule that only material evidence shall be incorporated in the brief, it would seem that a paper, under the approval of the judge, setting forth just what or how much of the evidence introduced on the trial was material to the issues involved, would fulfil the requirements of the statute. But that some sort of a brief of evidence is necessary to the validity of every motion for a new trial seems to be beyond doubt.

*Judgment affirmed. All the Justices concur.*