## WHITAKER *v.* THE STATE.

1. "When no bona fide attempt is made to file a brief of evidence in accordance with the provisions of Civil Code (1910), § 6093, but a document is filed, and approved by the trial judge, which includes the oral and documentary evidence without abridgment, in violation, of the provisions of such section," the motion for new trial does not stand in the appellate court upon the same footing as if no brief of the evidence at all were filed.

2. While a brief of evidence is a statutory requisite of a valid motion for new trial, there may, however, be a valid motion for new trial so far as to enable the reviewing court to consider and pass on assignments of error not dependent for determination upon the evidence, although the paper filed as a brief of evidence in connection with the motion shows that in its preparation no bona fide effort was made to comply with the provisions of the Civil Code, § 6093.

3. (*a*) Where a paper purporting to be a brief of evidence, but not made up according to the requirements of the Civil Code, § 6093, "is approved by the trial judge, and the motion for a new trial is thereupon overruled and the case is brought to the Court of Appeals upon writ of error complaining of such judgment," the Court of Appeals should not "deal with the case as though no valid motion for new trial had been filed by the movant."

(*b*) If, in such a case, the Court of Appeals "discovers charges of the court which appear to be abstractly erroneous, or, in a criminal case, not applicable to the charge made in the indictment, or that there have been errors prima facie committed in the admission or rejection of testimony, and these errors are complained of in the motion for new trial," the judgment overruling the motion for new trial should be reversed, provided that any of the assignments of error on the points above stated can be determined without reference to the evidence, and furthermore that the error appears to be such that the plaintiff in error was manifestly thereby injured. Otherwise the judgment should be affirmed.

4. (*a*) "When there is no legal brief of evidence filed with the motion for new trial, but only a document which fails to comply with the provisions of the Civil Code (1910), § 6093," the Court of Appeals should not look to such a document for the purpose of determining the questions raised in the motion for new trial.

(*b*) There may be cases wherein it can "be said, . . without an examination of the evidence, that an instruction of the trial judge, abstractly erroneous, [was] so hurtful to the plaintiff in error as to require a reversal of the judgment" overruling a motion for new trial.

MAY 14, 1912.

Questions of law; from Court of Appeals. 3714.

*Gober & Griffin, W. K. Fielder,* and *Malvern Hill,* for plaintiff in error. *J. P. Brooke, solicitor-general,* contra.

FISH, C. J. The Court of Appeals has certified to this court certain questions, which we will state and deal with seriatim.

1. The first question is: "When no bona fide attempt is made to file a brief of evidence in accordance with the provisions of Civil Code (1910), § 6093, but a document is filed, and approved by the trial judge, which includes the oral and documentary evidence without abridgment, in violation of the provisions of such section, should the motion for new trial stand upon the same footing as though no effort had been made to comply with the provisions of such section of the code?" We will say in the outset that in one of the briefs filed in this court in behalf of the plaintiff in error, in the case to which the questions relate, the contention is vigorously urged that the evidence introduced upon the trial of such case was briefed in accordance with the requirements of the statute, approved by the trial judge, and duly filed as a part of the motion for new trial. It will appear from an examination of the questions certified that no inquiry is made of this court as to whether or not a legal brief of the evidence was filed in the case. Nor is this court asked, in any of the certified questions, whether or not any specific assignment of error made in the motion for new trial can be considered and decided by the Court of Appeals without reference to the evidence. Obviously therefore, it is not in order for this court to deal with such matters. There are many decisions of this court to the effect that a brief of the evidence is an indispensable statutory requisite to a valid motion for new trial. In other words, if there is no brief of evidence, no motion for new trial exists. This is clearly deducible from the Civil Code, § 6080, and from rule 20 of the superior courts, embodied in the Civil Code, § 6306. See also Ib. § 6090. It is unnecessary to cite the great number of cases where the above-cited rule has been applied; but we call attention to *Baker* v. *Johnson,* 99 *Ga.* 374 (27 S. E. 706), wherein it was held that the trial judge properly dismissed the motion for a new trial because no brief of evidence had been prepared and presented in accordance with the order of the judge, although the sole ground of the motion relied on was the disqualification of one of the jurors who tried the case. A similar ruling was made in *Mize* v. *Americus etc. Co.,* 106 *Ga.* 140 (32 S. E. 22). The rule is recognized in *Holloman* v. *Small,* 111 *Ga.* 812 (35 S. E. 665); *Brooks* v. *Proctor,* 111 *Ga.* 835 (36 S. E. 99); *Hyatt* v. *Cowan,* 115 *Ga.* 608 (41 S. E. 985); *Blackburn* v. *Alabama Midland Ry. Co.,* 116 *Ga.* 936 (43 S. E. 366); *Blake-*

*man* v. *State,* 121 *Ga.* 334 (49 S. E. 261); *Moxley* v. *Georgia Railway & E. Co.,* 122 *Ga.* 493 (50 S. E. 339). Other cases in point will be found collated in 13 Enc. Dig. Ga. R. 233; 15 Ib. 299.

Where, however, a paper purporting to be a brief of evidence has been filed and approved by the trial judge, but from which it appears no bona fide effort has been made to comply with the provisions of Civil Code, § 6093, requiring that a brief of evidence shall be a condensed and succinct brief of the material portions of the oral testimony as well as the documentary evidence, the writ of error should not be dismissed, but, as has been held in numerous cases by this court, if there be in such a case assignments of error which do not involve a consideration of the evidence for their determination, they will be decided. *Crumbley* v. *Brook,* 135 *Ga.* 723 (70 S. E. 655). To the same effect see the cases cited in 2 Enc. Dig. Ga. R. 612 (D); 13 Ib. 233 (C2); 15 Ib. 310 (IV-A-1-a).

It follows that the first question must be answered in the negative; that is, that a motion for a new trial, accompanied by a paper purporting to be a brief of the evidence filed and approved by the trial judge, but in the preparation of which it appears there has been no bona fide effort to comply with the provisions of the Civil Code, § 6093, does not stand upon the same footing as a paper presented as a motion for a new trial unaccompanied by anything purporting to be a brief of the evidence introduced on the trial.

2. The second question is: "Can there be a valid motion for a new trial in a case where no attempt has been made to file a brief of evidence, and the document filed as a brief of evidence is not in compliance with the provisions of Civil Code (1910), § 6093?" From what we have said in reply to the first question it follows that the second question must be answered in the affirmative; that is, there may be a valid motion for new trial in a case where a paper purporting to be a brief of the evidence filed as such in connection with the motion for new trial, but not made up in accordance with the Civil Code, § 6093, so far as to authorize the appellate court to consider and decide any point raised in the motion not dependent for determination upon the evidence.

3. The first inquiry in the third question is as follows: "Where no legal brief of evidence is filed, but a document such as is described in the preceding questions is tendered as a brief of evidence, and is approved by the trial judge, and the motion for a new trial

is thereupon overruled and the case is brought to the Court of
Appeals upon writ of error complaining of such judgment, should
this court deal with the case as though no valid motion for new
trial had been filed by the movant?"

(*a*)  In view of what we have already said in answer to the
foregoing questions it is apparent that this inquiry must be an-
swered in the negative; that is, such a case as that stated should
not be dealt with by the appellate court as though no valid motion
for new trial had been filed by the movant, because unaccompanied
by any paper purporting to be a brief of the evidence.

(*b*)  The second inquiry embodied in the third question is as
follows:  Should the Court of Appeals in such case as just above
stated "reverse the judgment overruling the motion for new trial
if it· discovers charges of the court which appear to be abstractly
erroneous, or, in a criminal case, not applicable to the charge made
in the indictment, or that there have been errors prima facie com-
mitted in the admission or rejection of testimony, and these errors
are complained of in the motion for new trial?"  Our answer is,
if it should be apparent from a consideration of the record, other
than the so-called brief of evidence, that the plaintiff in error has
been manifestly injured by one or more of such errors, without
regard to what the evidence on the trial may have been, then there
should be a reversal of the judgment overruling the motion for a
new trial; otherwise the judgment should be affirmed, as it is
incumbent upon the plaintiff in error to show not only error but
that he has thereby been injured.  In *McPherson* v. *Chandler,*
137 *Ga.* 129 (72 S. E. 948), where the action was for illegal arrest
and malicious prosecution, this court found the brief of evidence
so imperfect in omitting essential parts of the evidence that it
declined to treat it as made up in compliance with the requirements
of Civil Code, § 6093, and held that none of the assignments of
error requiring a consideration of the evidence could be passed on,
but reversed the judgment of the trial court in overruling a motion
for new trial on several assignments of error in the motion, on
charges of the court and the exclusion of evidence, which could be
considered and determined without reference to the so-called brief
of evidence, and which were manifestly prejudicial to the plaintiff
in error.  In another recent case, *Monroe* v. *Martin,* 137 *Ga.* 262
(73 S. E. 341), the suit was on a promissory note brought by the

executor of the payee against the maker, who pleaded a contemporaneous written agreement between himself and the payee, containing a covenant never to sue on the note. The case had formerly been before this court (*Martin* v. *Monroe*, 107 *Ga.* 330, 33 S. E. 62), when it was held that such covenant in effect relieved the maker from liability on the note as to the payee thereof and his legal representatives. On the last trial the plaintiff amended his petition by alleging that the defendant on stated occasions "recognized the validity of such note and promised your petitioner to pay the same to him." The court on that trial instructed the jury as to such amendment to the following effect: That if plaintiff's testator, at the time the note was executed, covenanted with the defendant in writing never to sue on the same, yet if, after the testator's death, the defendant expressly agreed to pay the note to plaintiff as executor, the moral obligation resting on the defendant to pay the debt would be sufficient to sustain the new contract and promise to pay the note, and the defendant would be liable to pay the same, notwithstanding such previous covenant with the plaintiff's testator. There was a verdict for the plaintiff. The defendant moved for a new trial, which motion was overruled, and he excepted. Upon the hearing before this court counsel for the defendant in error contended that the brief of evidence, which had been duly approved and certified to this court, should be disregarded, for the reason that it was not made up in compliance with the provisions of the Civil Code, § 6093. Presiding Justice Evans, who delivered the opinion, said: "This court has frequently pointed out the necessity of a compliance with the act of the General Assembly in the preparation of briefs of evidence. Only relevant and material evidence should be included, and repetitions should be avoided. We do not find it necessary to examine the brief of evidence in ruling upon the controlling points in this case. Where points of law are made in the record, and they can be passed on without reference to the evidence, this court will decide them. The instruction, which we hold to be erroneous, does not require a consideration of the evidence to demonstrate the necessity of another trial." In that case it was apparent from the pleadings in the case, without reference to the evidence, that the erroneous instruction was palpably injurious to the defendant. Another case where this court passed on legal questions not dependent for de-

termination on the evidence, which were raised in a motion for a new trial, and where the evidence was not briefed in compliance with the statute, is *Equitable Mortgage Co.* v. *Bell*, 115 Ga. 651 (42 S. E. 82). Other cases where the same rule was followed but in which there was no motion for new trial are, *St. Amand* v. *Lehman*, 120 Ga. 253 (47 S. E. 949), *DeLoach* v. *Planters Asso.*, 122 Ga. 385 (50 S. E. 141), and *Crumbley* v. *Brook*, supra. It is impracticable for this court to make up a catalog of instances where, in the case stated by the Court of Appeals in the second division of the third question, the judgment of the trial court in refusing a new trial should be reversed or affirmed on account of one or more of the errors committed by the trial court as stated in the second division of the question under consideration. The appellate court must, when such cases come before it, determine in each case whether the assignment of error can be passed on and determined from the record without reference to the evidence, and, if the assignment of error be meritorious, whether or not the plaintiff in error has been thereby manifestly injured. The same rule is applicable to both civil and criminal cases.

An instruction to the jury upon the trial of a criminal case, not applicable to the charge made in the indictment, might for the very reason of its patent inapplicability, be not cause for reversing a judgment overruling a motion for new trial. Suppose upon the trial of one charged with larceny an instruction should be given defining express or implied malice. It would be manifest that such an instruction could not possibly have injured the accused. On the contrary, if on the trial of one charged with rape, the law as to the offense of seduction should be given in charge and the accused should be found guilty of seduction, a judgment overruling the motion of the accused for a new trial, wherein such instruction was excepted to, should be reversed even though the evidence could not be considered, for obviously the accused would have been injured by such an erroneous instruction. Of course such illustrative cases might be stated practically without number. So suppositive cases might be stated where error in the admission or rejection of testimony was so slight or immaterial as to be harmless, without reference to the evidence submitted in the case. On the other hand cases may be easily supposed where the testimony admitted or rejected was of such a character, when considered in connection with

the record aside from the evidence, as to make it manifest that the party complaining was injured by its admission or rejection.

4. The fourth question certified is as follows: "Assuming that a plaintiff in error must show both error and injury, when there is no legal brief of evidence filed with the motion for new trial, but only a document which fails to comply with the provisions of Civil Code (1910), § 6093, should this court look to such a document for any purpose; and can it be said in any case without an examination of the evidence that an instruction of the trial judge, abstractly erroneous, is 'so hurtful to the plaintiff in error as to require a reversal of the judgment?" It is apparent from what we have said in reply to the other questions, that the first inquiry propounded in this question must be answered in the negative, and that an affirmative answer must be given to the second inquiry made in this 4th question.  *All the Justices concur.*