14318.   BUTLER *et al.* v. JAQUES & TINSLEY CO.

BELL, J.   1. "There are many decisions" of the Supreme Court "to the effect that a brief of the evidence is an indispensable statutory requisite to a valid motion for new trial. In other words, if there is no brief of evidence, no motion for new trial exists." *Whitaker* v. *State*, 138 *Ga.* 139 (1), 140 (75 S. E. 254); Civil Code (1910), §§ 6080, 6306.

2. The brief required is a brief of the evidence adduced upon the trial, upon which is predicated the verdict complained of, and not merely a brief of the evidence introduced upon a motion of one of the parties for a continuance.

3. The bill of exceptions recites that at the time of the hearing of the motion for new trial "a brief of the evidence was presented and duly approved by the court," but the transcript contains a brief only of the evidence introduced upon a motion to continue; and this court having of its own motion (Civil Code of 1910, § 6149 (4); *Thompson* v. *Simmons*, 139 *Ga.* 845 (1), 78 S. E. 419), directed the clerk of the court below to certify and send up a brief of the evidence adduced upon the trial, and having received from that officer a response that the brief of evidence contained in the transcript is the only brief ever filed in his office, the case will be determined upon the record before us. *Atlantic Coast Line R. Co.* v. *Jones*, 127 *Ga.* 447 (3) (56 S. E. 761); *Beck* v. *Thompson*, 112 *Ga.* 683 (4) (37 S. E. 983); *Neal Loan & Banking Co.* v. *Chastain*, 124 *Ga.* 940, 942 (53 S. E. 549).

4. "Where one dissatisfied with a verdict files during the term a motion for a new trial, and, instead of pursuing the strict law in such cases pro-

vided, obtains an order allowing him until a future time in vacation to prepare and file a brief of the evidence in the case and to amend the motion, he must abide by the terms of the order thus obtained; and consequently, if no brief of evidence is prepared and presented, the motion for a new trial is not made either in the manner required by law or in that pointed out by the order, and therefore is subject to be dismissed on motion; and this is true although the motion for a new trial may have been amended by the addition of a new ground the determination of which would not require a consideration of the evidence." *Baker* v. *Johnson*, 99 *Ga.* 374 (27 S. E. 706).

5. "It results as a logical conclusion from the decision . . in *Baker* v. *Johnson & Harris*, 99 *Ga.* 374, that where, after the trial of a case the losing party filed a paper purporting to be a motion for a new trial, alleging therein that the verdict was contrary to law and to the evidence, and that the court erred in specified particulars, but no brief of evidence was filed, such a paper could not be treated as a valid motion for a new trial, or made the basis of a judgment setting the verdict aside. Accordingly, there was no error in overruling such a 'motion' [merely so-called], or in refusing to grant a new trial thereon." *Holloman* v. *Small*, 111 *Ga.* 812 (1) (35 S. E. 665). Such was this case. See also *Mize* v. *Americus Mfg. Co.*, 106 *Ga.* 140 (32 S. E. 22); *Douglas County* v. *Sayer*, 119 *Ga.* 551 (46 S. E. 654); *Price* v. *Price*, 122 *Ga.* 321 (50 S. E. 91); *Whitaker* v. *State*, 138 *Ga.* 139 (1) (75 S. E. 254), and cases therein cited.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 11, 1923.

Complaint; from Lamar superior court—Judge Searcy. November 4, 1922.

*A. M. Zellner,* for plaintiffs in error.

*Jones, Park & Johnston, Dobbs & Barrett,* contra.