## 17189.   GEORGIA CREOSOTING COMPANY v. FOWLER.

1. The person upon whom the rule nisi was served exercised large discretionary and supervisory powers, and was an agent of the defendant company, within the meaning of the Civil Code (1910), § 2258.
2. The excerpt from the charge of the court to which exception was taken was inaccurate, but not cause for reversal, since, under the facts of the case, it is not probable that it was harmful to plaintiff in error.
3. The evidence was sufficient to support the verdict.

DECIDED MAY 12, 1926.

Action for damages; from Montgomery superior court—Judge Strange. February 4, 1926.

*M. B. Calhoun, R. D. Meader,* for plaintiff in error.

*Dallam R. Jackson, L. C. Underwood,* contra.

LUKE, J.   On November· 16, 1923, James Fowler filed his petition against W. C. McCrimmon, to the February term, 1924, of the superior court of Montgomery county, alleging: that he had leased from the defendant, for turpentine purposes, the timber on a described tract of land in said county; that the defendant had cut and removed a large portion of said timber, and had otherwise interfered with the working of it, that the defendant was actually cutting said timber, and that he was insolvent.   Petitioner prayed for damages and an injunction.   On January 29, 1924, Fowler filed an amendment to his original petition, alleging that the said ·McCrimmon and the Georgia Creosoting Company, colluding together and for the purpose of defrauding petitioner, did jointly commit the acts alleged in the original petition and others set out by amendment.   The prayer was, that Georgia Creosoting Company be made a party defendant in said cause, that a rule nisi issue, and that judgment be had against both defendants. On January 29, 1924, the rule was issued, requiring the Georgia Creosoting Company to show cause on February 4, 1924, at Mt. Vernon, why it should not be made a party defendant, and directing service of "a copy of the foregoing petition ·and this order" five days before the hearing.   On November 8, 1924, an order was passed making said company a party.   After being made a party, and on the same day, defendant filed its plea to the jurisdiction, alleging: that it was a corporation; that neither at the time said cause of

---

Appeal and Error, 4 C. J. p. 1029, n. 30.
Corporations, 14a C. J. p. 807, n. 90 New.

action arose nor at the time of the filing of said suit, nor at the time of the filing of the amendment seeking to make it a party, did it have an agent, agency, or place of business in Montgomery county; and that at all said times the superior court of Glynn county, and not that of Montgomery county, had jurisdiction of defendant. The jury found a verdict against Georgia Creosoting Company and in favor of McCrimmon, and the plaintiff in error excepted upon the general and several special grounds.

The record neither specifies nor contains any answer of the defendant to the said rule, nor does it show any return of service upon said rule. However, since the court's order fixed February 4, 1924, as the time of hearing, and stipulated that the rule should be served five days before the hearing, we deem it proper to assume (nothing appearing to the contrary) that service of the rule nisi was had at some time between January 29, 1924, the date of the court's order, and five days before February 4, 1924. Nor does it appear from the record upon what alleged agent of the defendant service was made, but since the attorneys for both litigants argue the case from the viewpoint that one Rogers was the person in question, we will take it as true that he was the one upon whom service was made.

The first contention of plaintiff in error is that November 8, 1924, the time it was made a party to the cause, should be taken as the date of service of the rule nisi, and that since Rogers swore that he was not then a resident of Montgomery county, and that there was not then any agent, agency, office, or place of business of defendant in said county, there was no service. But, as heretofore shown, the service is presumed to have been made on or about January 31, 1924, and it appears from the testimony of Rogers himself that he resided in Montgomery county from November, 1923, to August, 1924. Hence this contention is without point.

The company's next contention is that Rogers was a mere employee, and not an agent within the meaning of the Civil Code (1910), § 2258. This position is not supported by the evidence. It is true that Rogers swore that he was merely a timber inspector, and that he worked altogether under the direction of one Oliver, who was the timber buyer for the company, and that after inspecting the McCrimmon timber he procured authority from Oliver, before contracting for the company, to purchase it, yet he further

testified that his business was to "look out timber for these camps," keep them going, and see that those contracting to get out cross-ties for said company were manufacturing the right material; that he had a day to meet each camp and check up on it, and draw drafts to cover pay-rolls, and that he had paid McCrimmon for all cross-ties cut. These drafts were drawn by Rogers on said company, at Brunswick, Georgia. On November 17, 1923, "Georgia Creosoting Company, by G. C. Rogers," signed an agreement with Fowler to indemnify him against all loss or damage he might sustain "by reason of said Georgia Creosoting Company, or any one holding or claiming under them," cutting black pines on or against the turpentine timber leased by Fowler from McCrimmon. On February 5, 1924, the said Rogers answered a garnishment for the defendant. It appears also that at the time the defendant was cutting the McCrimmon timber one Cox was in charge of the camp. Rogers testified that he was supervisor over about fifteen camps in south Georgia, that he had foremen at the said camp, and that he was "over Mr. Cox."

It is unnecessary to go into the evidence further to show that Rogers was an agent exercising discretionary and supervisory power, and that service upon him bound his principal. See *Central Ga. Power Co.* v. *Nolen,* 143 *Ga.* 776 (3) (85 S. E. 945) ; *So. Bell Tel. Co.* v. *Parker,* 119 *Ga.* 721 (47 S. E. 194). The cases of *Ga. Ry. & Power Co.* v. *Head,* 150 *Ga.* 177 (103 S. E. 158), and *Smith* v. *So. Ry. Co.,* 132 *Ga.* 57 (63 S. E. 801), holding that the agent did not come within the purview of the statute, fully sustain the reasoning of the *Nolen* and *Parker* cases. The burden of sustaining its plea to the jurisdiction of course rested upon the plaintiff in error. *Pyron* v. *Ruohs,* 120 *Ga.* 1060 (48 S. E. 434). The evidence not only failed to do this, but it disproved the plea.

Whether the allegations of the original petition were sufficient to warrant the making of the Georgia Creosoting Company a party defendant in the case is not a question presented for decision by this record or decided by this court; but see, in this connection, *Roberts* v. *Atlanta Real Estate Co.,* 118 *Ga.* 502 (45 S. E. 308).

The other questions presented by the record require no elaboration, and are decided in the headnotes.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*