20963.   BAGGETT *v.* THE STATE.

DECIDED DECEMBER 18, 1930.

*H. H. Anderson,* for plaintiff in error.

*John C. Mitchell, solicitor-general, R. Noel Steed,* contra.

LUKE, J.   Will Baggett was convicted of the larceny of twenty-five cords of pine poles. It appears from the record that he duly filed the customary form of a motion for a new trial, and that he subsequently amended it by adding a special ground based upon alleged newly discovered evidence, but that he never filed any brief of evidence. In his brief counsel for the plaintiff in error says: "As to what evidence was adduced on the trial, counsel is not able to say, as he did not represent the defendant, but the record does disclose that the defendant had no counsel in the court below. Why this was we can not say, but we presume the court offered to furnish counsel."

A brief of evidence is indispensable to the validity of a motion for a new trial, and this is true even though the motion for a new

trial may have been amended by the addition of a new ground, the determination of which would not require a consideration of the evidence. Civil Code (1910), § 6089; *Baker* v. *Johnson,* 99 *Ga.* 374 (27 S. E. 706) ; *Sewell* v. *Sewell,* 148 *Ga.* 473 (96 S. E. 1037) ; *Dunn* v. *Goodrich Rubber Co.,* 32 *Ga. App.* 202. (122 S. E. 793) ; *Bull* v. *Armour Ferlilizer Works,* 26 *Ga. App.* 151 (105 S. E. 616). It follows that the so-called motion for a new trial in the case at bar is a mere nullity, and that the trial judge was eminently correct in overruling it.

But, even if the motion for a new trial had been accompanied by a perfectly proper brief of evidence, the only special ground in this case would not be considered, first, because the affidavit of the defendant stating that "he did not know of the evidence set out in his amended motion for a new trial . . before the trial of the case, and that the same could not have been discovered by the exercise of ordinary diligence," presents a mere conclusion of the defendant that he exercised proper diligence in the premises (*Trammell* v. *Shirley,* 38 *Ga. App.* 710, 145 S. E. 486) ; and second, because the alleged newly discovered evidence was that of a witness, or rather of several witnesses, and the attempt to comply with the requirement of the Civil Code (1910), § 6086, that affidavits as to "the residence, associates, means of knowledge, character, and credibility" of such witnesses be adduced, was a failure, in that the affidavits failed to give the names of the associates of the witnesses.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*