## 23511. VARNER v. THOMSON.

JENKINS, P. J. 1. A brief of the evidence being essential to a valid motion for a new trial, the motion is subject to dismissal where it is unaccompanied by such a brief. *Moxley* v. *Ga. Ry. &c. Co.*, 122 *Ga.* 493 (50 S. E. 339); *Baker* v. *Johnson*, 99 *Ga.* 374 (27 S. E. 706); *Holloman* v. *Small*, 111 *Ga.* 812 (35 S. E. 665); *Taliaferro* v. *Columbus R. Co.*, 130 *Ga.* 570 (61 S. E. 228); *Whitaker* v. *State*, 138 *Ga.* 139 (75 S. E. 254); *Firemen's Insurance Co.* v. *Oliver*, 176 *Ga.* 80, 82 (167 S. E. 99); *Currin* v. *Newbern*, 43 *Ga. App.* 332 (158 S. E. 771). There being no brief of evidence filed in this case with the motion for new trial, based upon the general grounds, the court properly for that reason dismissed the motion.

2. "Where on the trial of a case exceptions pendente lite are filed to an interlocutory ruling of the court, which, if rendered as contended for by the complaining party, would finally dispose of the case, the excepting party can come to this court by direct bill of exceptions filed within 30 days from the date of the decision complained of; or, without making a motion for a new trial, he can secure a review of an order, ruling, or judgment, which necessarily controlled the final result of the case adversely to him. But if after final trial the losing party makes a motion for new trial, which is afterwards dismissed by the trial judge because never perfected by the filing and approval of a brief of the evidence, he can not, after the time for bringing such direct bill of exceptions has expired, in a writ of error complaining of the dismissal of the motion for a new trial, assign error on such exceptions pendente lite so as to

have them considered by this court." *Reed* v. *Warnock,* 146 *Ga.* 483 (2) (91 S. E. 545). Where, in this case, the court on May 1, 1933, entered an order sustaining the plaintiff's demurrer to all vital portions of the defendant's answer in a suit upon promissory notes, and on the same date directed a verdict and entered a judgment for the plaintiff, and the term of the court was adjourned on the same day, after the filing of exceptions pendente lite to the sustaining of the plaintiff's demurrer, and where, on June 13, 1933, the defendant's motion for a new trial was dismissed for want of a brief of evidence, and a bill of exceptions, assigning error on the exceptions pendente lite and on the judgment on the motion for new trial, was not presented to and approved by the trial judge until July 12, 1933, seventy-three days after the ruling complained of in the exceptions pendente lite, the bill of exceptions was too late to permit a consideration by this court of the errors complained of in the exceptions pendente lite. The judgment on the abortive motion for a new trial could not operate to extend the time after the adjournment of the court within which, under section 6152 of the Civil Code (1910), to tender the final bill of exceptions so as to assign error therein on the exceptions pendente lite. In *Hartman* v. *Citizens Bank & Trust Co.,* 47 *Ga. App.* 562 (171 S. E. 195), the timeliness of the bill of exceptions was not involved, and the point was as to whether assignments of error not requiring a consideration of a brief of evidence could be determined in the absence thereof. In *Donalson* v. *Bank of Jakin,* 33 *Ga. App.* 428 (127 S. E. 229), no question being raised as to the failure to present a brief of evidence, such a failure, under the act of 1911 (Ga. L. 1911, p. 149, Park's Code, § 6090(a), Michie's Code, § 6092(1)), did not affect the movant's rights in the reviewing court.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided April 19, 1934.

*Paul J. Varner, Colon J. Cogdell,* for plaintiff in error.
*Tyson & Tyson,* contra.