DOLLAR *v.* FRED W. AMEND COMPANY *et al.*

No. 12279. SEPTEMBER 23, 1938.

*William A. Thomas* and *Walter A. Sims,* for plaintiff.
*Neely, Marshall & Greene,* for defendant.

JENKINS, Justice. 1. "A brief of evidence is essential to the validity of any motion for a new trial;" and this is true even though "the only ground of the motion . . insisted upon [does] not require a consideration of any of the evidence introduced on the trial." *Moxley* v. *Ga. Ry. &c. Co.,* 122 *Ga.* 493, 494 (50 S. E. 339); *Mize* v. *Americus Mfg. Co.,* 106 *Ga.* 140 (32 S. E. 22); *Baker* v. *Johnson,* 99 *Ga.* 374, 376 (27 S. E. 706); *Whitaker* v. *State,* 138 *Ga.* 139 (4-a), 140 (75 S. E. 254); *Reed* v. *Warnock,* 146 *Ga.* 483, 486 (91 S. E. 545); *Garraux* v. *Ross,* 150 *Ga.* 645, 648 (104 S. E. 907); *Lucas* v. *Lucas,* 179 *Ga.* 821 (2) (177 S.

E. 684); *Ga. Ry. & El. Co.* v. *Hamer,* 1 *Ga. App.* 673 (3) (58 S. E. 54).

2. "A motion to set aside a verdict, based on matters not appearing on the face of the record, is not an available remedy to avoid the verdict, unless the motion is of such form and content as to be in substance a motion for a new trial, and complies with the rules governing such a motion." *Lucas* v. *Lucas,* supra; *Ellard* v. *Simpson,* 166 *Ga.* 278 (142 S. E. 855); *Lovelace* v. *Lovelace,* 179 *Ga.* 822 (1-e), 827 (177 S. E. 685); *Lucas* v. *Lucas,* 30 *Ga.* 191 (3), 206 (76 Am. D. 642); *Ga. Ry. & El. Co.* v. *Hamer,* supra; *Oliver* v. *Fireman's Ins. Co.,* 42 *Ga. App.* 99 (155 S. E. 227).

3. Accordingly, even though the motion in this case be construed as in effect a motion to set aside a verdict, as was done by the Court of Appeals, the two-judge decision of this Court in *Audulph* v. *Josey,* 44 *Ga.* 605, which was followed by the Court of Appeals, is out of harmony with the numerous full-bench decisions, above cited, which necessitates a reversal of the judgment of the Court of Appeals.

4. It is unnecessary to decide as to the merits of the grounds set forth in this motion. See, in this connection, the previous decision of this court in *Dollar* v. *Fred W. Amend Co.,* 184 *Ga.* 432 (191 S. E. 696), as to the right of the movants to maintain an independent suit in equity for injunction and other relief against the verdict and judgment, and there stating the facts as to orders and procedure in the trial court.

*Judgment reversed. All the Justices concur.*