27929, 27930. JILL BROTHERS INCORPORATED *v.* HOLMES *et al.;* and *vice versa.*

DECIDED FEBRUARY 28, 1940. REHEARING DENIED MARCH 18, 1940.

*John J. McCreary, Miller & Lowrey,* for plaintiff in error.
*George B. Culpepper Jr., Edward F. Taylor,* contra.

PER CURIAM. On July 31, 1930, C. H. Holmes brought suit against Jill Bros. Inc. on an open account in the superior court of Bibb County, the petition alleging that Frank Jill was an officer of said corporation temporarily sojourning in Bibb County, Georgia. The defendant filed a plea to the jurisdiction and an answer. On October 16, 1936, the plaintiff amended his petition by alleging that the said "Frank Jill is the officer of said corporation in charge of its office and business in Bibb County, Georgia." Thereupon the defendant filed an amendment to its plea to the jurisdiction, denying the allegations of the plaintiff's amendment. On June 13, 1939, when the case came on for trial, the court ruled that the burden rested on the defendant to sustain its plea to the jurisdiction, which burden the defendant then assumed, and after the introduction of evidence the jury returned a verdict against the defendant's plea, and judgment was rendered accordingly. The case proceeded to trial on its merits and resulted in a verdict and judgment for the plaintiff. The exception here is to the judgment of the court overruling the defendant's motion for new trial, the grounds of which, besides the general grounds, raise the following questions:

(a) It is contended that the court erred in ruling that the burden rested on the defendant to prove its plea to the jurisdiction. This contention has been decided adversely to the plaintiff in error in *Pyron* v. *Ruohs,* 120 *Ga.* 1060 (48 S. E. 434) ; *Tribble* v. *Knight,* 178 *Ga.* 804 (5) (174 S. E. 626) ; *Georgia Creosoting Co.* v. *Fowler,* 35 *Ga. App.* 372, 374 (133 S. E. 479).

(b) It is contended that the court erred in admitting certain evidence tending to show that the defendant did business in this State in the year 1927, in that the present suit was not filed until July 31, 1930, and under Code, § 22-1101, a non-resident corporation must be doing business in this State at the time the suit is filed in order to authorize the rendition of a personal judgment against it. In the present case there was evidence that Frank Jill was sent to this State by the defendant corporation of which he was an officer for the purpose of transacting business for it, that he was so engaged in this State in the year 1927 and beyond the

time the present suit was brought, and that at all times his duties and purposes were the same. Hence, any transaction in 1927 would necessarily illustrate what was being done by him for the defendant corporation at the time the present suit was brought, and was properly admissible for that purpose.

(c) It is contended that the court erred in charging the jury in effect that the burden rested on the defendant to sustain its plea to the jurisdiction. What has been said under (a) above disposes of this objection adversely to the plaintiff in error.

(d) It is contended that the court erred in charging the jury that it should determine from the evidence whether the defendant was transacting business in this State and, if so, it might be sued in this State wherever it could be served, in view of the fact that the petition alleged that it had an office and place of business in Bibb County, Georgia, the defendant's contention being that it could be sued only in the county where it was doing business at the time of the commencement of the present action as it would be present only where it was doing business. From an inspection of the entire charge of the court it could not be said that the jury was confused or misled by this portion of the charge objected to. The evidence authorized the jury to find that the defendant was maintaining an office and doing business in the county of Bibb at the time the present suit was filed in that county, and the jury could hardly have formed an opinion other than that the court was referring to business done in Bibb County, and that the law required service in the county where the officer of the corporation was doing business for it.

(e) The only objection to the verdict and judgment is that they were illegally rendered because of the alleged antecedent errors, and as we have ruled that no such errors were committed no further consideration of the verdict and judgment is necessary.

The plaintiff filed a cross-bill of exceptions with certain assignments of error, but on account of the rulings above made it is unnecessary to consider the same, and the cross-bill is hereby dismissed.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Stephens, P. J., and Felton, J., concur.*

SUTTON, J., dissenting in part. While I concur in the rulings made and the judgment on the main bill of exceptions, I do not

concur in the judgment of dismissal of the cross-bill of exceptions. I am of the opinion that the questions raised by the main bill of exceptions should not be considered for the reason that the cross-bill of exceptions presents a question which is controlling in this case (*Cheshire* v. *Williams,* 101 *Ga.* 814, 29 S. E. 191; *Gay* v. *Gay,* 108 *Ga.* 739, 32 S. E. 846; *Smith* v. *Van Hoose,* 110 *Ga.* 633, 36 S. E. 77), in that the motion for new trial should have been dismissed because there was no brief of evidence, as required by law, filed therewith. *Baker* v. *Johnson,* 99 *Ga.* 374 (27 S. E. 706); *Mize* v. *Americus Mfg. Co.,* 106 *Ga.* 140 (32 S. E. 22); *Moxley* v. *Ga. Ry. &c. Co.,* 122 *Ga.* 493 (50 S. E. 339); *Dollar* v. *Fred W. Amend Co.,* 186 *Ga.* 717 (198 S. E. 753), and cit.; *Ga. Ry. & El. Co.* v. *Hamer,* 1 *Ga. App.* 673 (3) (58 S. E. 54); *Turner* v. *Spell Live Stock Co.,* 31 *Ga. App.* 343 (2) (120 S. E. 786); *Morris* v. *Gilham-Schoen, Electric Co.,* 40 *Ga. App.* 649, 650 (150 S. E. 924). It is well-established law that without such brief of evidence the motion for new trial is a nullity and subject to dismissal. *Whitaker* v. *State,* 138 *Ga.* 139, 140 (75 S. E. 254); *Garraux* v. *Ross,* 150 *Ga.* 645, 649 (104 S. E. 907); *Lucas* v. *Lucas,* 179 *Ga.* 821 (2) (177 S. E. 684); *Butler* v. *Jacques & Tinsley Co.,* 31 *Ga. App.* 74 (119 S. E. 469); *Dunn* v. *Goodrich Rubber Co.,* 32 *Ga. App.* 202 (122 S. E. 793); *Baggett* v. *State,* 42 *Ga. App.* 389 (156 S. E. 276). There is nothing to amend. *Baker* v. *Johnson,* supra.

Applying the above principles of law to the facts of the present case, where the plaintiff brought suit on an account against a non-resident corporation and on the trial of an issue made by the filing of a plea to the jurisdiction a jury made a finding against the plea, and judgment was entered accordingly, and no exception was then taken, but the case proceeded to trial before another jury on its merits at the same term, and verdict and judgment were rendered in favor of the plaintiff, and where in due time the defendant filed a motion for new trial on the general grounds in such case, but never filed in connection therewith a brief of the evidence adduced on the hearing on its merits, but thereafter filed and had allowed an amendment to such motion in which it was contended that the verdict in the main case should be reversed and set aside because of errors occurring on the trial on the question of jurisdiction, and also filed in connection therewith a brief of the evidence adduced only on the trial of the collateral issue of jurisdiction, the

purported motion for new trial, either as originally filed or as amended, was not a legal motion but was a nullity and invalid, because no brief of the evidence adduced on the trial of the case on its merits was filed as required by law, and, accordingly, the court erred in refusing to dismiss the purported motion for new trial as amended, on the plaintiff's motion on the ground that the requisite brief of evidence had not been filed.