## 29817. HAZEN *et al. v.* ISAAC FASS INC.

FELTON, J. 1. "If exception is taken to a final judgment as being erroneous in itself, the assignment of error should specifically set forth the error or errors in it which are complained of." *Lyndon v. Georgia Railway & Electric Co.,* 129 *Ga.* 353 (2) (58 S. E. 1047).

2. A general exception to a final judgment will suffice to give this court jurisdiction of the case where an antecedent ruling, complained of as erroneous and made the subject of exceptions, entered into and affected the final result of the case. *Lyndon v. Georgia Railway & Electric Co.,* supra.

3. An assignment of error on dismissal of a motion for new trial for want of prosecution, as "contrary to law," is insufficient to give this court jurisdiction to adjudicate assignments of error on exceptions pendente lite, alleged to have affected the verdict; for the reason that the alleged interlocutory error did not enter into or affect the dismissal of the motion for new trial. *Rabhan v. Rabhan,* 185 *Ga.* 355 (195 S. E. 193); *Petty v. Bryant,* 188 *Ga.* 102 (2 S. E. 2d, 910); *Hennessee v. Jennings,* 48 *Ga. App.* 188 (172 S. E. 583) and cit.; Code, §§ 6-801, 6-1607. This and similar cases are to be distinguished from those where the *overruling* of a motion for new trial is excepted to and the motion contains proper specific grounds of exception, and those where a demurrer which sets forth particular grounds is overruled.

4. Since there is no valid assignment of error in this case on the dismissal of the motion for new trial, this court is without jurisdiction to pass on the exceptions pendente lite to interlocutory rulings alleged to have affected the verdict and judgment but not the judgment of dismissal.

*Writ of error dismissed. Sutton, J., concurs. Stephens, P. J., dissents.*

DECIDED MARCH 9, 1943. REHEARING DENIED MARCH 30, 1943.

*Carlisle Cobb, W. G. Cornett,* for plaintiffs in error.

*Deupree Hunnicutt, Deupree Hunnicutt Jr., J. T. Middlebrooks,* contra.

STEPHENS, P. J., dissenting. In the bill of exceptions the plaintiffs in error, who were defendants in the court below, assigned error on certain exceptions pendente lite. They recite in the bill of exceptions that they filed an answer to the petition in the court below, in which they asserted a set-off and counterclaim; that the plaintiff demurred to the plea and answer; that the court sustained the demurrer and dismissed the set-off and counter-claim, and thereupon within the time allowed by law the defendants presented their exceptions pendente lite to said order sustaining the demurrer and dismissing the set-off and counterclaim; that the court certified the exceptions pendente lite; that the case proceeded to verdict and judgment for the plaintiff in a designated sum of money; that a motion for new trial was made in regular course, which motion was "overruled and dismissed" by the court on June 9, 1942. The exceptions pendente lite were certified on September 27, 1941.

To the judgment "overruling and dismissing the motion for new trial the defendants except, and assign error thereon as being contrary to law, and say that the court erred in overruling said motion for new trial on each and all of the grounds therein stated, because the court should have granted the motion for new trial for the reasons set forth in the exceptions pendente lite, and it was error for the court to enter up judgment against the defendants and finally to refuse to grant defendants a new trial and dismiss the defendants' motion for new trial, and because as set out in the exceptions pendente lite defendants were entitled to a judgment on their cross-action and counterclaim." This appears to be an exception to an alleged final judgment dismissing the motion for new trial because the court erred in sustaining the demurrer to the set-off and counterclaim. This is true notwithstanding the motion for new trial was dismissed for want of prosecution. Whether or not there is any merit in the defendants' contention, the question is, have they a valid assignment of error for this court to pass on? I am of the opinion that the defendants have a good assignment of error, and that the writ of error should not be dismissed. The motion for

new trial was dismissed for want of prosecution on June 9, 1942, and the bill of exceptions to the order dismissing it was tendered and certified July 8, 1942, which was within thirty days.

In *Dodson Printers' Supply Co.* v. *Harris,* 114 *Ga.* 966 (41 S. E. 54), the court refused to strike the defense, and the plaintiff filed exceptions pendente lite. The trial resulted in a verdict for the defendants. The plaintiff's motion for new trial was overruled. The plaintiff excepted to that judgment, and in the bill of exceptions assigned error also on the exceptions pendente lite. The Supreme Court held as follows: "While the bill' of exceptions complains of the refusal to grant a new trial, it also assigns error on the exceptions pendente lite. These exceptions are separate and independent from those complaining of the overruling of the motion for new trial, and present a pure question of law. They complain of a ruling to which 'direct exception can be taken. This court, therefore, must decline to dismiss the writ of error, although the ruling of the court on the motion for new trial may be brought up in such shape that it can not be considered. The questions raised by the exceptions pendente lite to the allowance of Harris's answer can be determined without reference to the motion for new trial or to the brief of evidence." See *Herz* v. *Frank,* 104 *Ga.* 638(2) (30 S. E. 797); *Wright* v. *Hollywood Cemetery Cor.,* 112 *Ga.* 884, 893 (38 S. E. 94, 52 L. R. A. 621). In *Taylor* v. *Tanner,* 143 *Ga.* 18 (84 S. E. 68), a motion for new trial was dismissed, and there were exceptions pendente lite to some antecedent rulings which could have been excepted to in the motion for new trial. The court held, on this ground, that such exceptions pendente lite were not reviewable. It seems to be implied that where there are antecedent rulings on the pleadings, which are excepted to pendente lite, but which could not be the subject-matter of exceptions in the motion for new trial, they may be excepted to in a bill of exceptions, and the dismissal of the motion for new trial may be a final judgment.

In *Lyndon* v. *Georgia Railway & Electric Co.,* supra, the Supreme Court held that where a ruling which preceded a final judgment is excepted to, and the final judgment is excepted to, not because of additional error in it but because of the antecedent ruling which entered into and affected the further progress or final result of the case, a general exception to the final judgment and an ex-

ception on the specific assignments of error on the antecedent rulings will suffice, and the appellate court is given jurisdiction.

Decisions which hold that where there is no valid motion for new trial, because of a lack of filing of the brief of evidence, and the motion for new trial is dismissed on such ground, the appellate court can not consider exceptions pendente lite, are clearly distinguishable. *Reed* v. *Warnock,* 146 *Ga.* 483 (2) (91 S. E. 545); *Varner* v. *Thomson,* 49 *Ga. App.* 136 (2) (174 S. E. 383). In the case now before the court it does not appear that the motion for new trial was invalid. It appears only that it was dismissed for want of prosecution. If the court erred in sustaining the demurrer to the plea, the subsequent proceedings would be nugatory. For the above reasons I can not concur in the judgment dismissing the writ of error.