30398.   GRAHAM *v.* HALL.

DECIDED FEBRUARY 4, 1944.

*W. A. Dampier,* for plaintiff in error.   *E. L. Stephens,* contra.

SUTTON, P. J.   This was a proceeding by W. H. Hall to foreclose a laborer's lien against Mamie Graham, returnable to the March quarterly term, 1942, of the city court of Dublin.   The case came on for trial at the September quarterly term, 1943, and after the introduction of evidence, a verdict and judgment were rendered in favor of the plaintiff.   The defendant made a motion for a new trial, which was overruled on October 26, 1943.   It is recited in the bill of exceptions that when the case came on for trial, counsel for the defendant made a motion for a continuance, based on a doctor's certificate to the effect that the defendant was then and had been in the doctor's hospital for two days with a severe headache and high blood pressure, and that she could not appear in court without jeopardizing her present condition; and her counsel stated that he was unable to go to trial without his client.   It is also recited that the plaintiff introduced evidence on the motion to continue, and that after hearing the evidence, the court overruled the motion.   Error is assigned in the bill of exceptions on the overruling of the motion to continue, but no error is assigned on the verdict or judgment in favor of the plaintiff, or on the judgment overruling the motion for a new trial.   No brief of the evidence introduced upon the trial of the case accompanied the motion for a new trial, nor was the evidence set out in the bill of exceptions.

■  It has been held many times by this court and the Supreme Court that one of the indispensable requisites of a valid motion for a new trial is that it be accompanied by a brief of the evidence. "If there is no brief of the evidence, no motion for a new trial ex-

ists." *Whitaker* v. *State,* 138 *Ga.* 139 (75 S. E. 254); *Baker* v. *Johnson,* 99 *Ga.* 374 (27 S. E. 706); *Lucas* v. *Lucas,* 179 *Ga.* 821 (177 S. E. 684); *Butler* v. *Jaques & Tinsley Co.,* 31 *Ga. App.* 74 (119 S. E. 469); *Dunn* v. *Goodrich Rubber Co.,* 32 *Ga. App.* 202 (122 S. E. 793); *Baggett* v. *State,* 42 *Ga. App.* 389 (156 S. E. 276).

■ An unapproved brief of the evidence adduced on the motion to continue the case appears in the back of the record brought to this court; but even if this had been approved, it would not have been a sufficient compliance with the law that requires the filing of an approved brief of the evidence with a motion for a new trial. "The brief required is a brief of the evidence adduced upon the trial, upon which is predicated the verdict complained of, and not merely a brief of the evidence introduced upon a motion of one of the parties for a continuance." *Butler* v. *Jaques & Tinsley Co.,* 31 *Ga. App.* 74 (supra).

■ As above stated, there was no assignment of error on the verdict and judgment, or on the judgment overruling the motion for new trial. Nor was it alleged or contended that the verdict would have been different had the defendant been present in court at the trial.

Under the facts and the law applicable thereto, the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*