31230.   DOBBS *v.* SIMS.

Decided June 13, 1946.

2

*Sam P. McKenzie, Ralph R. Quillian,* for plaintiff in error.
*George B. Rush, Walter A. Sims,* contra.

GARDNER, J. ■ Did the court err in dismissing the written motion on February 28, 1946? It nowhere appears in the record that a brief of the evidence was submitted and approved, as a part of the motion for a new trial, by the trial court. Under the many decisions of this court and the Supreme Court, a motion for a new trial without a brief of the evidence is a mere nullity. In *Kalil v. Spivey,* 70 *Ga. App.* 84 (2) (27 S. E. 2d, 475), this court said: "A motion for new trial without an approved brief of the evidence is a mere nullity." In *Graham v. Hall,* 70 *Ga. App.* 597 (28 S. E. 2d, 884), it is stated: "One of the indispensable requisites of a valid motion for a new trial is that it be accompanied by a brief of the evidence, and if there is no brief of the evidence, no motion for a new trial exists." There are many other decisions to the same effect, which we deem it unnecessary to cite. The court did not err in dismissing such a motion.

■ It is conceded by the defendant that under the provisions of the act creating the Civil Court of Fulton County, an oral motion for a new trial, in a case where the principal amount sued for is more than $300, is a nullity. *Automobile Ins. Co. of Hartford v. Watson,* 39 *Ga. App.* 244 (146 S. E. 922). Where the principal amount sued for is over $300, a motion for a new trial must be made in writing under the same rules as those governing cases in the superior courts. Since the principal sum sued for in the instant case is over $300, the oral motion for a new trial was a nullity,

and for the reasons which we have given in division (*a*) of this opinion, the written motion was likewise a nullity. There is no merit in this ground.

The plaintiff made a motion to dismiss on the ground that the assignments of error in the bill of exceptions are general and insufficient in law to authorize this court to determine any question involved. We have written this opinion conceding, but not deciding, that the bill of exceptions is sufficient as a matter of law to authorize this court to decide the questions hereinabove set out.

The court did not err in overruling the motions for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*